UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MELANIE HOEG, ANGELA DAVIS, MELINDA GARCIA, and 1,025 OTHER INDIVIDUALS[1], <br><br> Petitioners, <br><br> vs. <br><br> SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG ELECTRONICS CO., LTD. (d/b/a Samsung Electronics America, Inc.), <br><br> Respondents. | Case No. 1:23-cv-1951 |

**PETITION TO COMPEL ARBITRATION
UNDER THE FEDERAL ARBITRATION ACT – 9 U.S.C. §4**

---

[1] A list containing the full names and locations of each of the 1,028 Individual Petitioners is attached to this Petition as <u>Exhibit A</u>.

Petitioners Melanie Hoeg, Angela Davis, and Melinda Garcia (collectively with the 1,025 Individual Petitioners listed in Exhibit A, "Petitioners"), by and through their undersigned counsel, hereby file this Petition to Compel Arbitration Under the Federal Arbitration Act ("FAA") – 9 U.S.C. §4, and seek an order compelling Respondents Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd. (d/b/a Samsung Electronics America, Inc.) (collectively, "Samsung" or "Respondents") to proceed to arbitration in accordance with the terms of the Parties' agreements as follows:

## NATURE OF THE PETITION

1. This Petition raises the important question of whether, after Corporate America's calculated, decades-long drive – "in courtrooms, legislative chambers, and boardrooms"[2] – designed to force aggrieved consumers, insureds, and employees into individual arbitrations to vindicate their rights,[3] corporations are now free to ignore **their own** draconian, adhesive arbitration contracts when consumers fight back in the very arbitrations corporations forced upon

---

[2] F. Paul Bland et. al., *From the Frontlines of the Modern Movement to End Forced Arbitration and Restore Jury Rights an Essay in Three Parts*, 95 CHI.-KENT L. REV. 585, 588 (2020) (discussing Corporate America's thirty-year push to force consumers and employees into "one-on-one, private arbitral proceeding[s].").

[3] *See, e.g.*, *Lamps Plus, Inc. v. Varela*, 587 U.S. __, 139 S. Ct. 1407 (2019); *Epic Sys. Corp. v. Lewis*, 584 U.S. __, 138 S. Ct. 1612 (2018); *American Express Co. v. Italian Colors Rest.*, 570 U.S. 228 (2013); *Stolt-Nielsen S. A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662 (2010); *Rent-A-Center West, Inc. v. Jackson*, 561 U.S. 63 (2010); *AT&T Mobility LLC v. Concepcion*, 563 U. S. 333 (2011); *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985); *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U. S. 1 (1983); *see also* Katherine V.W. Stone, *The arbitration epidemic, Mandatory arbitration deprives workers and consumers of their rights*, ECON. POLICY INST. (Dec. 7, 2015), https://www.epi.org/publication/the-arbitration-epidemic/ ("In the past three decades, the Supreme Court has engineered a massive shift in the civil justice system that is having dire consequences for consumers and employees. The Court has enabled large corporations to force customers and employees into arbitration to adjudicate practically all types of alleged violations of countless state and federal laws designed to protect citizens against consumer fraud, unsafe products, employment discrimination, nonpayment of wages, and other forms of corporate wrongdoing.").

them in the first place. This Court should not countenance such blatant gamesmanship – and do so loudly.

2. Petitioners are Samsung Galaxy device users who demanded arbitration of their individual claims against Samsung for generating, collecting, and/or storing their biometric information in violation of Illinois' Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA").

3. By opening the Samsung Galaxy device's ("Device") packaging or using the Device (even if not the purchaser), every Device user, including Petitioners here, agreed to Samsung's Terms & Conditions, which were provided with the Device and contained, among other things: (1) Samsung's "Arbitration Agreement;" (2) Samsung's "Standard Limited Warranty;" (3) Samsung's "End User License Agreement (EULA);" and (4) Samsung's "Health & Safety Information." These agreements are attached to this Petition as <u>Exhibit B</u>. Crucially for this Petition, these agreements contain a binding legal agreement requiring mandatory individual arbitration of any dispute with Samsung and a class action waiver (the "Mutual Arbitration Provisions"). *See* Ex. B. at 4, 9-12.

4. The Mutual Arbitration Provisions require that the parties arbitrate all disputes between the user and Samsung. *See id.* at 9. It also requires that arbitration be administered by the American Arbitration Association ("AAA") under AAA's Commercial Arbitration Rules applicable to consumer disputes (the "Consumer Rules"). *See id.* at 10-11.

5. The Consumer Rules, attached to this Petition as <u>Exhibit C</u>, authorize AAA to require that each party pay certain fees before AAA will empanel an arbitrator and proceed with the parties' arbitration. Ex. C at pp. 32-34 (providing that each party pay filing fees and providing Multiple Case Filing Fee Schedule). Moreover, the Mutual Arbitration Provisions between

Petitioners and Samsung expressly require that Samsung pay a portion of these fees and costs necessary to commence arbitration. Ex. B. at 10.

6. On June 13, 2022, prior to commencing any arbitrations, counsel for Petitioners provided notice to Samsung by letter of the intention of at least 15,000 of their clients, who are individual Illinois Device users, to pursue claims in arbitration against Samsung for violating BIPA. Attached to this Petition as Exhibit D is a true and correct copy of the notice letter that Petitioners sent to Samsung.

7. On June 30, 2022, Samsung's counsel sent a response letter, wherein they suggested that Petitioners did not have viable claims against Samsung for BIPA violations and requested a list of all of Petitioners' counsel's clients. Samsung's counsel further threatened Petitioners' counsel with sanctions under Rule 11 of the Federal Rules of Civil Procedure if Petitioners filed their arbitration demands. Samsung's counsel further made veiled threats against Petitioners' law firms if they continued to represent Petitioners in legitimate arbitration claims against Samsung. This, despite the fact that Samsung's counsel was already aware of tens of thousands of other claims pending against Samsung arising out of the same conduct as well as a pending class action lawsuit.

8. Petitioners' counsel informed Samsung's counsel that the veiled threats against his clients and his co-counsel's law firms were improper and that it appeared Samsung and its counsel were attempting to restrict Petitioner's counsel's right to practice law. *See, e.g.,* ABA Model Rule of Professional Conduct Rule 5.6.

9. Undeterred, starting on October 11, 2022, Petitioners began formally demanding arbitration with Samsung pursuant to the Mutual Arbitration Provisions. To date, 1,044 Petitioners filed Demands for Arbitration with AAA and paid filing fees totaling $38,600.00. Attached to this Petition as Exhibit E is a true and correct copy of one of the Demands for Arbitration which

Petitioners sent to Samsung and AAA, which is substantially similar to the Demands for Arbitration sent on behalf of the 1,044 Petitioners that have thus far formally demanded arbitration.

10. On November 18, 2022, counsel for Petitioners were notified by AAA that they fulfilled the administrative filing requirements, which included, among other things, Petitioners' payment of their portion of AAA's administrative fees. Attached to this Petition as Exhibit F is a true and correct copy of the correspondence from AAA addressed to both counsel for Petitioners and counsel for Samsung. The correspondence also stated that "Samsung is now responsible for payment of the initial administrative filing fees totaling $311,000," and provided a due date of "**December 19, 2022**." Ex. F. at 1 (emphasis in original).

11. By December 19, 2022, Samsung had not paid any portion of its initial administrative filing fees due and owed to AAA. Instead, on that date, Samsung's counsel replied to AAA that it "will provide a substantive response to [AAA's November 18, 2022] communication shortly." Attached to this Petition as Exhibit G is a true and correct copy of the correspondence from Samsung to AAA and copying Petitioners' counsel.

12. On December 20, 2022, counsel for Petitioners inquired of AAA regarding the status of Samsung's payment, which was due the day prior. On December 23, 2022, AAA replied and informed counsel for Petitioners that Samsung had not yet made payment; that AAA was now requesting Samsung provide its payment by the extended deadline of January 11, 2022 (sic); and that "[a]bsent receipt of a payment from the Respondent, the AAA will be closing our files administratively." Attached to this Petition as Exhibit H is a true and correct copy of the correspondence between counsel for Petitioners and AAA, and copying counsel for Samsung.

13. On January 11, 2023, instead of paying the initial administrative filing fees due and owed to AAA, Samsung sent a letter to AAA and copying Petitioners' counsel, stating that the parties had agreed to a mediation on March 22, 2023 and requesting that AAA "stay the matter

and all related deadlines concerning the 1,044 individual consumer demands…" Attached to this Petition as <u>Exhibit I</u> is a true and correct copy of the correspondence between Samsung's counsel and AAA and copying Petitioners' counsel.

14. On January 18, 2023, AAA advised the Parties through their counsel that, due to Samsung's failure to pay its initial filing fees, the filing requirements for the 1,044 individual arbitrations initiated by Petitioners had not been met; AAA would, accordingly, not place the matters on hold; and AAA would administratively close the 1,044 cases. Attached to this Petition as <u>Exhibit J</u> is a true and correct copy of the correspondence from AAA to counsel for Petitioners and Samsung.

15. On January 25, 2023, AAA sent a letter to Petitioners' counsel, informing them that AAA had administratively closed its files for the 1,044 Petitioners who formally brought Demands for Arbitration against Samsung. Attached to this Petition as <u>Exhibit K</u> is a true and correct copy of the correspondence from AAA to counsel for Petitioners and Samsung.

16. On February 16, 2023, AAA sent an email to Petitioners' counsel, informing them that AAA had issued and mailed a refund check in the amount of Petitioners' initial filing fees.

17. Samsung's refusal to honor its contractual agreements and pay its share of the arbitration fees deprived all Petitioners of the ability to proceed with their individual arbitrations under the very terms that Samsung unilaterally drafted and imposed. Samsung is in clear breach of its agreements with the 1,044 Petitioners who formally brought Demands for Arbitration against Samsung, and Samsung has stated that it will not honor its contractual agreements or pay its share of the arbitration fees for the remaining approximately 58,956 Petitioners who have not yet perfected their respective demands for arbitration.[4]

---

[4] As of the date of this filing, counsel for Petitioners represents approximately 60,000 Illinois Device users, all of whom have identical claims against Samsung for its violations of BIPA.

- 5 -

18. Petitioners have filed this Petition to compel Samsung to abide by the arbitration agreement it drafted, and to proceed to arbitration in accordance with the terms of the Parties' agreements.

## PARTIES

19. Petitioners are Samsung Galaxy Device users who had their biometric data surreptitiously collected in violation of BIPA. The full names and locations of each of the Individual Petitioners are listed in Exhibit A.

20. Respondent Samsung Electronics America, Inc., is the designer, manufacturer, and vendor of Samsung smartphones, tablets, and apps, and is a corporation existing under the laws of State of New York with its headquarters at 85 Challenger Road, Ridgefield Park, New Jersey 07660. Samsung Electronics America, Inc. regularly conducts business in this District and throughout the United States, and is a wholly owned subsidiary of Samsung Electronics Co., Ltd.

21. Respondent Samsung Electronics Co., Ltd. (f/k/a Samsung Electronics Industries), is a South Korean multinational electronics corporation headquartered in the Yeongtong District of Suwon, and was incorporated under the laws of the Republic of Korea in 1969. Samsung Electronics Co., Ltd. lists its shares on the Korean Stock Exchange, and is the parent company to Samsung Electronics America, Inc.

## JURISDICTION AND VENUE

22. This Court has subject matter jurisdiction over this action pursuant to 9 U.S.C. §4 and 28 U.S.C. §§1331 and 1367 because the underlying controversy involves a claim arising under federal law, specifically the Federal Arbitration Act ("FAA"), 9 U.S.C. §4.

23. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) and § 1332(a)(2), in that this is a civil action between citizens of Illinois and citizens of New Jersey, California, and the Republic of Korea, and the amount in controversy exceeds $75,000, exclusive of interest and costs.[5]

24. This Court has personal jurisdiction over Respondents because each of them regularly conducts business in Illinois and a substantial part of the harm, events, and conduct giving rise to Petitioners' claims occurred in Illinois.

25. Venue is proper in this District pursuant to 28 U.S.C. §1391 because many of the Petitioners live in this District and the arbitrations were venued to take place in this District.

## **BACKGROUND**

26. Samsung has nearly a 30% market share of the smartphone market in the United States, and a 17.6% market share of the tablet market. Since 2009, Samsung has sold over 2 billion "Samsung Galaxy" (formerly stylized as "Samsung GALAXY") smartphone devices and more than 50 million "Galaxy Tab" devices (collectively "Samsung Devices") within the last two years. The Samsung Galaxy product line includes the popular Galaxy S, Galaxy Note, Galaxy Z, Galaxy A (Alpha), and Galaxy M (Millennial) series. Samsung is the designer, manufacturer, and vendor of Samsung smartphones, tablets, and apps.

27. Petitioners are purchasers of Samsung's Devices who have taken photographs of themselves using their Samsung Devices, including photographs of their faces and other physical

---

[5] In *Cothron v. White Castle Sys., Inc.*, 2023 IL 128004, 2023 WL 2052410 (Ill., 2023), the Supreme Court of Illinois ruled that a separate claim accrues under BIPA "each time a private entity scans or transmits an individual's biometric identifier or information in violation of section 15(b) and 15(d)." *See id*. *1 (emphasis added). Therefore, BIPA allows for a new and separate accrual of a claim each time Petitioners uploaded a picture, entitling Petitioners to recover $1,000 or $5,000 for each separate BIPA violation. This decision supports Petitioners' argument that each Petitioner's claim exceeds the jurisdictional minimum ($75,000) because each Petitioner will seek the full amount of damages allowable under BIPA, including statutory damages of $5,000 for every scan of biometric data collected by Samsung in violation of Section 14/15.

- 7 -

attributes, while residing in the State of Illinois and, as a result, had their biometric data surreptitiously collected in violation of Illinois law.

28. Samsung entered into a binding agreement with each Petitioner requiring that Samsung and the Petitioner individually arbitrate any claim arising from the performance of the Devices, including a claim that Samsung's technology surreptitiously generates and collects Petitioners' biometric data in violation of Illinois law. *See* Ex. B at 4, 9-12. The agreement further requires the arbitration be administered by AAA under the Consumer Rules. *Id*. at 10-11.

29. Under the AAA Consumer Rules, "[w]hen parties have provided for the AAA's rules or AAA administration as part of their consumer agreement, they shall be deemed to have agreed that the application of the AAA's rules and AAA administration of the consumer arbitration shall be an essential term of their consumer agreement." Ex. C, R. 1.

30. Where no arbitrator is yet available, or where a rule does not involve the "arbitrator's powers and duties," Consumer Rule 53 states that the rules "shall be interpreted and applied by the AAA." *Id.*

31. Consumer Rule 6 further authorizes AAA to "require the parties to deposit in advance of any hearings such sums of money as it deems necessary to cover the expense of the arbitration, including the arbitrator's fee[.]" *Id.*

32. The Consumer Rules also state that AAA's Multiple Consumer Case Filing Fee Schedule applies where, as here, twenty-five (25) or more similar claims for arbitration are filed against the same party and counsel for the parties is consistent across all cases. AAA Administrative Fees at 35. And the Multiple Consumer Case Filing Fee states that "[t]he business's share of the filing fees is due as soon as the AAA confirms in writing that the individual filing meets the filing requirements, even if the matter is settled or withdrawn." *Id.* at 34.

33. Between October 11 and October 25, 2022, in accordance with Samsung's Terms of Service, counsel for Petitioners served individual Demands for Arbitration on Samsung and AAA on behalf of each Petitioner. *See* Ex. E. Each Petitioner promptly satisfied his or her fee obligations and otherwise performed all conditions precedent to demanding arbitration against Samsung. *See* Ex. F.

34. Samsung's payment of its share of the fees was originally due on December 19, 2022, and was later extended to January 11, 2023. *See* Ex. G.

35. Samsung refused and/or failed to pay its share of the fees by the due date established by AAA, and as a result, AAA administratively closed each of Petitioner's proceedings. *See* Ex. L.

36. Samsung's material breach of its own adhesive arbitration contract with Petitioners is directly opposite of Samsung's prior actions. When class actions have been filed in federal court against Samsung, Samsung did not hesitate to seek enforcement of its broad arbitration agreement to preclude users from pursuing their claims in court or on a class-wide basis. *See*, e.g., *Vasadi v. Samsung Elecs. Am., Inc.*, No. 21-cv-10238-WJM-AME, 2021 WL 5578736, at *1 (D.N.J. Nov. 29, 2021). Attached as Exhibit L is a true and correct copy of the court's order granting Samsung's motion to compel arbitration as to all named consumer plaintiffs who did not opt out of agreement. *See also, Velasquez-Reyes v. Samsung Elecs. Am., Inc.*, No. 16-cv-1953 DMG (KKX), 2020 WL 6528422, at *5 (C.D. Cal. Oct. 20, 2020). Attached as Exhibit M is a true and correct copy of the court's order compelling arbitration in *Velasquez-Reyes*. See also, *Schmidt v. Samsung Elecs. Am., Inc.,* No. 16-cv-1725 JCC, 2017 U.S. Dist. LEXIS 80768 (W.D. Wash. May 25, 2017). Attached as Exhibit N is a true and correct copy of the court's order compelling arbitration in *Schmidt. See also*, *G.T. v. Samsung Elecs. Am., Inc.,* No. 21-cv-04976 (N.D. Ill. Oct. 29, 2021), ECF No. 17. Attached as Exhibit O is a true and correct copy of Samsung's motion to compel arbitration in *G.T*.

37. In all the above-cited cases, Samsung's motion to compel arbitration was granted except in *G.T.*, where on September 26, 2022, Samsung withdrew its motion to compel that it had earlier filed.

## COUNT I
## FAILURE TO ARBITRATE UNDER AGREEMENT – 9 U.S.C. §4

38. Petitioners repeat and reallege the allegations of Paragraphs 1 through 38 as if fully set forth herein.

39. Each Petitioner and Samsung entered into a valid and enforceable agreement requiring them to arbitrate all claims related to the sale, condition, or performance of the Samsung product, before AAA. This agreed arbitration requirement included all claims related to the surreptitious collection of biometric data in violation of Illinois law, as Petitioners allege.

40. Samsung materially breached that agreement because it refused and/or failed to pay the fees required by AAA.

41. Due to Samsung's refusal and/or failure to pay the fees, AAA administratively closed Petitioners' arbitration proceedings and they did not proceed. As such, Petitioners have been aggrieved by Samsung's refusal and/or failure to proceed with arbitration under the terms of the Parties' agreements.

42. The FAA, 9 U.S.C. §4, provides that, "[a] party aggrieved by the alleged failure, neglect or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court … for an order directing that such arbitration ***proceed in the manner provided for in such agreement.***" (emphasis added).

## PRAYER FOR RELIEF

WHEREFORE, Petitioners respectfully request that this Court enter an order granting the following relief:

43. Requiring that Samsung arbitrate each Petitioner's claims in accordance with the terms of the Mutual Arbitration Provisions, pursuant to 9 U.S.C. §4, which includes paying the arbitration fees and costs necessary to empanel arbitrators and proceed with the arbitrations;

44. Awarding Petitioners' reasonable attorneys' fees, costs, and expenses; and

45. Granting all such other relief that the Court deems just and proper.[6]

DATED:  March 28, 2023

/s/ *Gary M. Klinger*
Gary M. Klinger
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
221 W. Monroe Street, Suite 2100
Chicago, IL 60606
866.252.0878
gklinger@milberg.com

Jonathan B. Cohen
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
3833 Central Ave.
St. Petersburg, FL 33713
(813) 699-4056
jcohen@milberg.com

**ROBBINS GELLER RUDMAN & DOWD LLP**
Stuart A. Davidson (*pro hac vice\**)
Mark Dearman (*pro hac vice\**)
Alexander C. Cohen (*pro hac vice\**)
225 NE Mizner Boulevard, Suite 720
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
sdavidson@rgrdlaw.com
mdearman@rgrdlaw.com
acohen@rgrdlaw.com

\**pro hac vice forthcoming*

---

[6] In light of Samsung's undeniable gamesmanship and multiplication of proceedings by forcing Petitioners to file this Petition, Petitioners expressly preserve their right to seek appropriate relief from this Court against Samsung or its counsel under Rule 11, 28 U.S.C. §1927, and the Court's inherent authority.