UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| MELANIE HOEG, ANGELA DAVIS, MELINDA GARCIA, and 1,025 OTHER INDIVIDUALS, | ) ) ) | Case No. 1:23-cv-01951 |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG ELECTRONICS CO., LTD. (d/b/a Samsung Electronics America, Inc.), | ) ) ) ) | |
| | ) | |
| Respondents. | ) ) | |
| | ) | |

**PETITIONERS' BRIEF IN OPPOSITION TO MOTION TO
DISMISS PETITION TO COMPEL ARBITRATION**

## <u>TABLE OF CONTENTS</u>

**PAGE**

I.      INTRODUCTION ...................................................................................................1

II.     STATEMENT OF FACTS ......................................................................................2

III.    ARGUMENT ..........................................................................................................4

        A.      Samsung Cannot Enforce and Ignore the Terms of its Arbitration Clause
                to Suit its Convenience ..............................................................................4

        B.      Samsung's Class Action Waiver Does Not Apply Here............................4

        C.      Regardless, Whether Samsung's Class Action Waiver Applies Is an Issue
                Delegated to the Arbitrator .......................................................................7

        D.      Samsung's Motion to Dismiss for Improper Venue Is Meritless ............8

        E.      The Issue of Multiple Representation of Some Petitioners Has Been
                Resolved.....................................................................................................11

        F.      Petitioners Plead a *Prima Facie* Claim to Compel Arbitration ............11

        G.      It Is Samsung's Burden to Show There Is No Applicable Arbitration
                Agreement..................................................................................................13

        H.      Samsung Is Not Entitled to Discovery as to Whether Each Petitioner
                Agreed to Arbitrate ...................................................................................16

IV.     CONCLUSION .....................................................................................................17

# **TABLE OF AUTHORITIES**

**CASES**          **PAGE**

*A.D. v. Credit One Bank, N.A.*,
   885 F.3d 1054 (7th Cir. 2018) ................................................................................5

*Adams v. Postmates, Inc*.,
   414 F. Supp. 3d 1246 (N.D. Cal. 2019), *aff'd*, 823 F. App'x 535 (9th Cir. 2020)...................7

*Am. Bankers Ins. Co. of Fla. v. Shockley*,
   3 F.4th 322 (7th Cir. 2021) ................................................................................5

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986)................................................................................15

*Ashcroft v. Iqbal*,
   556 U.S. 661 (2009)................................................................................12

*Bahoor v. Varonis Sys., Inc.*,
   152 F. Supp. 3d 1091 (N.D. Ill. 2015) ................................................................................5

*Baker v. Santander Consumer USA*,
   No. 18 C 07365, 2019 WL 4750287 (N.D. Ill. Sept. 30, 2019)................................................13

*Bristol-Myers Squibb Co. v. Super. Ct. of Cal., San Francisco Cnty.*,
   582 U.S. 255 (2017)................................................................................9

*Cohen v. UBS Fin. Servs., Inc.*,
   799 F.3d 174 (2d Cir. 2015)................................................................................6

*CSX Transp., Inc. v. Zayo Grp., LLC*,
   No. 1:21-cv-02859-JMS-MJD, 2022 WL 2356075 (S.D. Ind. Mar. 4, 2022) ........................10

*Figueredo-Chavez v. RCI Hosp. Holdings, Inc.*,
   No. 21-cv-21733-KMM, 2022 WL 457848 (S.D. Fla. Jan. 6, 2022) ......................................6

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*,
   __ U.S. __, 141 S. Ct. 1017 (2021)................................................................................9

*Guilano as Trustee for RIH Acquisitions NJ LLC v. Sci. Games Corp.*,
   No. 20-cv-05262, 2022 WL 1591651 (N.D. Ill. May 19, 2022)................................................13

*Henry Schein, Inc. v. Archer & White Sales, Inc.*,
   __ U.S. __, 139 S. Ct. 524 (2019)................................................................................7

*In re Kazmierczak*,
   24 F.3d 1020 (7th Cir. 1994) ................................................................................15

- ii -

*Kallemeyn Collision Ctr., Inc. v. Standard Fire Ins. Co.*,
   628 F. Supp. 3d 769 (N.D. Ill. 2022) ..................................................................11

*Lillegard v. Blatt, Hasenmiller, Leibsker & Moore, LLC*,
   No. 16 C 8075, 2017 WL 1954545 (N.D. Ill. May 11, 2017) ...............................13

*Nabong v. Paddayuman*,
   289 F. Supp. 3d 131 (D.D.C. 2018) ....................................................................10

*Page v. Alliant Credit Union*,
   52 F.4th 340 (7th Cir. 2022) .................................................................................5

*Photogen, Inc. v. Wolf*,
   No. 00 C 5841, 2001 WL 477226 (N.D. Ill. May 7, 2001) ...................................10

*Postmates Inc. v. 10,356 Individuals*,
   No. CV 20-2783 PSG, 2020 WL 1908302 (C.D. Cal. Apr. 15, 2020) .....................8

*Revels v. Super 8 by Wyndam*,
   No. 22-cv-50284, 2023 WL 3627721 (N.D. Ill. May 24, 2023)............................12

*Schwinder v. Austin Bank of Chi.*,
   809 N.E.2d 180 (Ill. App. 2004) ..........................................................................15

*Serpico v. Laborers' Int'l Union of N. Am.*,
   No. 95 C 0614, 1995 WL 479569 (N.D. Ill. Aug. 4, 1995)..................................10

*Tamayo v. Blagojevich*,
   526 F.3d 1074 (7th Cir. 2008) .............................................................................12

*Thomas D. Philipsborn Irrevocable Ins. Trust v. Avon Cap., LLC*,
   No. 11 C 3274, 2012 WL 4513903 (N.D. Ill. Oct. 1, 2012)..................................11

*Tinder v. Pinkerton Sec.*,
   305 F.3d 728 (7th Cir. 2002) ...............................................................................13

*United States v. Paradise*,
   127 F. Supp. 2d 951 (N.D. Ill. 2000) ...................................................................15

*Varma v. TCC Wireless, LLC*,
   478 F. Supp. 3d 724 (N.D. Ill. 2020) ...................................................................13

*VMS/PCA Ltd. P'ship v. PCA Partners Ltd. P'ship*,
   727 F. Supp. 1167 (N.D. Ill. 1989) ......................................................................10

*Zurich Am. Ins. Co. v. Watts Indus., Inc.*,
   417 F.3d 682 (7th Cir. 2005) ...............................................................................12

## STATUTES, RULES, AND REGULATIONS

9 U.S.C.

    §4 ........................................................................................................................1, 12

28 U.S.C.

    §1391(b)(1) ...............................................................................................................9

    §1391(c)(2) ...............................................................................................................9

    §1391(d) ...................................................................................................................9

740 ILCS

    14/1 ......................................................................................................................2, 3

Federal Rules of Civil Procedure

    Rule 8(a) ...................................................................................................................2

    Rule 11 ...................................................................................................................17

    Rule 12(b)(6) ..........................................................................................................11

    Rule 56(d) ..............................................................................................................16

Petitioners Melanie Hoeg, Angela Davis, Melinda Garcia, and 1,025 Other Individuals (collectively, "Petitioners") respectfully file this brief in opposition to respondents Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd.'s (d/b/a Samsung Electronics America, Inc.) (collectively, "Samsung") Motion to Dismiss the Petition to Compel Arbitration ("Motion to Dismiss" or "MTD") (ECF 39), and state as follows:

## I.  INTRODUCTION

In addition to opposing Petitioners' Motion to Compel Arbitration ("Motion to Compel Arbitration") (ECF 28), Samsung also seeks to dismiss the Petition to Compel Arbitration Under the Federal Arbitration Act – 9 U.S.C. §4 ("Petition" or "Pet.") (ECF 1), itself, relying on misdirection and inconsistent arguments that change depending upon the result that suits Samsung's advantage. Notwithstanding the fact that Samsung's Motion to Dismiss is styled as a motion to dismiss the Petition, it is, in fact, an end-run around the page limits set forth in the Court's May 31, 2023 Notification of Docket Entry. ECF 36. Samsung's opposition to Petitioners' Motion to Compel Arbitration uses up all of its allocated 35 pages, but its Motion to Dismiss includes seven additional pages (14-20) that are actually arguments in opposition to Petitioners' Motion to Compel Arbitration because they are based upon the legal standards for a motion to compel arbitration, not a motion to dismiss. Those arguments should be ignored. For the reasons set forth below, Samsung's Motion to Dismiss should be denied.

*First*, the class action waiver in Samsung's Terms and Conditions does not apply here. By its own terms, it applies only to disputes relating to breaches of warranty and use of Samsung phones. The dispute here relates to Samsung's failure to proceed with mandatory arbitration.

*Second*, assuming *arguendo* that some of the Petitioners do not reside in this District, venue is still appropriate here under the doctrine of pendant venue.

***Third***, Petitioners have appropriately pleaded their claim to compel arbitration and satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. To the extent that the Court considers Samsung's arguments asserted in its Motion to Dismiss that Petitioners' Motion to Compel Arbitration is insufficiently supported by the record, the record demonstrates that is not so. Petitioners have appropriately demonstrated that they have agreements to arbitrate disputes with Samsung, the underlying dispute falls within those agreements, and Samsung has failed to arbitrate.

## II.    STATEMENT OF FACTS

Petitioners, together with 1,025 users of Samsung smart phones, filed a Petition seeking to compel arbitration of their claims against Samsung relating to their phones' improper generating, collecting, and storing biometric information in violation of Illinois' Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"). ECF 1, ¶2. Petitioners allege that by opening the packaging of their smart phones and/or by using their phones, they agreed to Samsung's Terms and Conditions, which contain a provision requiring them – and Samsung – to individually arbitrate any claims "RELATING IN ANY WAY TO OR ARISING IN ANY WAY FROM THE STANDARD LIMITED WARRANTY OR THE SALE, CONDITION OR PERFORMANCE OF THE PRODUCT[.]" *Id.*, ¶3; Ex. B; *cf.* ECF 1-2 at 9.

Prior to filing arbitration demands, Petitioners' counsel advised Samsung that they had been retained by at least 15,000 clients, individual users of Samsung smart phones from Illinois, who had claims for violation of the BIPA. *Id.*, ¶6; Ex. D. Unsurprisingly, Samsung responded that

Petitioners' claims were meritless and threatened sanctions if Petitioners proceeded with their claims.[1] *Id.*, ¶7.

Beginning on October 11, 2022, Petitioners began filing demands of arbitration with the American Arbitration Association ("AAA") asserting their BIPA claims. *Id.*, ¶9; Ex. E. On November 18, 2022, the AAA advised Petitioners' counsel and Samsung that Petitioners had fulfilled the administrative filing requirements, including the payment of their share of the required administrative fees. *Id.*, ¶10; Ex. F. The same correspondence from the AAA advised Samsung that it was responsible for the payment of its own administrative fees by December 19, 2022. *Id.* December 19, 2022 came and went without Samsung paying its administrative fees to the AAA. Instead, Samsung wrote to the AAA stating it would provide a substantive response to the AAA's November 18, 2022 letter "shortly." *Id.*, ¶11; Ex. G. The AAA subsequently extended the deadline for Samsung's payment of administrative fees to January 11, 2023 and if Samsung failed to pay, the AAA would administratively close its files. *Id.*, ¶12; Ex. H.

Instead of paying its administrative fees on January 11, Samsung advised the AAA that the parties had agreed to mediation and requested the AAA stay the individual arbitrations and all deadlines. *Id.*, ¶13; Ex. I. Instead of staying the cases, since Samsung had never paid its administrative fees, the AAA administratively terminated all 1,044 cases and refunded Petitioners' administrative fees. *Id.*, ¶¶14-16; Exs. J-K. The parties subsequently did attempt to mediate Petitioners' claims, but it became clear from the start that Samsung was not acting in good faith to resolve the parties' dispute, and the mediation went nowhere. This litigation ensued.

---

[1]    Petitioners' expert has explained that Samsung's smart phones do exactly what the BIPA prohibits.

## III.    ARGUMENT

### A.    Samsung Cannot Enforce and Ignore the Terms of its Arbitration Clause to Suit its Convenience

Samsung argues that Petitioners' Petition and pending Motion to Compel Arbitration are improper because, it claims, this is a collective action that is somehow prohibited by the class action waiver in its standard Terms and Conditions, while at the same time arguing that Petitioners have failed to prove that they and Samsung are bound by an arbitration clause. MTD at 12-19. Those two propositions cannot both be true at the same time because the class action waiver is contained in the same paragraph of Samsung's standard Terms and Conditions as the mandatory arbitration clause. Indeed, Samsung's arguments highlight what Petitioners argue in their Motion to Compel Arbitration: Samsung is trying to "pervert the justice system" by "taking diametrically opposite positions" with respect to its arbitration agreement, and is judicially estopped from doing so. *See* Motion to Compel Arbitration at 1.

### B.    Samsung's Class Action Waiver Does Not Apply Here

Petitioners take no issue with the general proposition that class action waivers are enforceable. Samsung's class action waiver is simply not applicable here. The arbitration clause in Samsung's Terms and Conditions states:

> YOU AND SAMSUNG EACH AGREE THAT ALL DISPUTES BETWEEN YOU AND SAMSUNG RELATING IN ANY WAY TO OR ARISING IN ANY WAY FROM THE STANDARD LIMITED WARRANTY OR THE SALE, CONDITION OR PERFORMANCE OF THE PRODUCT SHALL BE RESOLVED EXCLUSIVELY THROUGH FINAL AND BINDING ARBITRATION, AND NOT BY A COURT OR JURY. ANY SUCH DISPUTE SHALL NOT BE COMBINED OR CONSOLIDATED WITH A DISPUTE INVOLVING ANY OTHER PERSON'S OR ENTITY'S PRODUCT OR CLAIM, AND SPECIFICALLY, WITHOUT LIMITATION OF THE FOREGOING, SHALL NOT UNDER ANY CIRCUMSTANCES PROCEED AS PART OF A CLASS ACTION. THE ARBITRATION SHALL BE CONDUCTED BEFORE A SINGLE ARBITRATOR, WHOSE AWARD MAY NOT EXCEED, IN FORM OR AMOUNT, THE RELIEF ALLOWED BY THE APPLICABLE LAW.

*See* ECF 1-2 at 9.

The law is well settled that arbitration clauses are interpreted on the same basis as other contracts. *See, e.g.*, *A.D. v. Credit One Bank, N.A.*, 885 F.3d 1054, 1060 (7th Cir. 2018);[2] *Bahoor v. Varonis Sys., Inc.*, 152 F. Supp. 3d 1091, 1097 (N.D. Ill. 2015). Under Illinois law, contracts are to be construed with reference to the average, ordinary, normal reasonable person. *Page v. Alliant Credit Union*, 52 F.4th 340, 346 (7th Cir. 2022).

In the instant case, Samsung's arbitration clause and class action waiver are co-extensive. The arbitration clause at issue requires arbitration of "ALL DISPUTES BETWEEN YOU AND SAMSUNG RELATING IN ANY WAY TO OR ARISING IN ANY WAY FROM THE STANDARD LIMITED WARRANTY OR THE SALE, CONDITION OR PERFORMANCE OF THE PRODUCT[.]" The class action waiver continues that "ANY SUCH DISPUTE" may not be combined with any other person's claim, including as part of a class action. Plainly, the class action waiver incorporates by reference disputes that are required to be arbitrated. Under Illinois law, contracts are to be interpreted as a whole, viewing each part in light of the others. *See, e.g.*, *Am. Bankers Ins. Co. of Fla. v. Shockley*, 3 F.4th 322, 328 (7th Cir. 2021) ("Each clause and word must be given effect to the extent possible so that no term is rendered meaningless.").

Proper contract construction dictates that the class action waiver be interpreted in light of the arbitration clause. Proper contract construction also dictates that Samsung cannot seek to enforce the class action waiver against all of the Petitioners and at the same time argue that Petitioners have failed to prove the existence of the arbitration agreement that appears in the sentence preceding the class action waiver.

---

[2]  Citations, internal quotations, and footnotes omitted and emphasis added unless otherwise noted.

Samsung argues that the Petition is improper under the class action waiver because Petitioners have combined together to compel arbitration in all of their cases. MTD at 12-14. That is not so. The Petition is not a dispute "RELATING IN ANY WAY TO OR ARISING IN ANY WAY FROM THE STANDARD LIMITED WARRANTY OR THE SALE, CONDITION OR PERFORMANCE OF THE PRODUCT[.]" ECF 1-2 at 9. Rather, *this* dispute relates to Samsung's failure to proceed with arbitration because it refused to pay its part of the AAA's fees with respect to hundreds of ***individually filed arbitration demands***.[3] Thus, the Petition does not fall within the class action waiver, and Petitioners' Petition is entirely proper.

Indeed, Samsung has ostensibly admitted that its Terms and Conditions applicable to Petitioners did ***not*** cover petitions to compel arbitration because it has since revamped its Terms and Conditions to now cover "ALL DISPUTES WITH SAMSUNG ARISING IN ANY WAY FROM THESE TERMS[.]" *See* Samsung Services Terms and Conditions (posted July 4, 2023), https://account.samsung.com/membership/policy/terms.

Samsung nevertheless argues that the class action waiver applies even in court. Inasmuch as the class action waiver is a matter of contract, that would be so ***if the contract covers the dispute being litigated in court***. For example, in *Figueredo-Chavez v. RCI Hosp. Holdings, Inc.*, No. 21-cv-21733-KMM, 2022 WL 457848 (S.D. Fla. Jan. 6, 2022), cited by Samsung,[4] the class action

---

[3]    Of course, the underlying dispute that Petitioners seek to compel arbitration of ***does*** relate to "the sale, condition or performance of the product[,]" and the arbitration demands have been brought individually. But that is not what the Petition Samsung seeks to dismiss concerns.

[4]    Samsung also cites *Cohen v. UBS Fin. Servs., Inc.*, 799 F.3d 174, 179 (2d Cir. 2015), to support its argument that its class action waiver is enforceable here. However, the quoted portion of *Cohen* was making the point that class action waivers and arbitration agreements are conceptually distinct contractual provisions. The court was not interpreting the language of the class action waiver, much less holding that it applies in proceedings seeking to compel arbitration on an individual basis.

waiver waived "ANY RIGHT TO PARTICIPATE IN ANY CLASS ACTION OR COLLECTIVE ACTION AS AGAINST THE OTHER PARTY[.]" 2022 WL 457848, at *3. The court noted that "that the plain text of the collective action waiver weighs strongly in favor of finding that the Parties intended for the waiver to apply at any time—and not solely in the context of arbitration." *Id.* Here, by contrast, the class action waiver might apply in court *if* the dispute related to Samsung's "STANDARD LIMITED WARRANTY OR THE SALE, CONDITION OR PERFORMANCE OF THE PRODUCT[,]" but the dispute here does not. If Samsung wanted the class action waiver to apply to *all* disputes, it could have written the waiver to say that, but it did not.

### C. Regardless, Whether Samsung's Class Action Waiver Applies Is an Issue Delegated to the Arbitrator

The arbitration agreement contains a "broad delegation clause," which Samsung acknowledges. MTD at 15 n.13; Pet. Ex. B-1 at 10; Ex. B-2 at 2; Ex. B-3 §16 ("The arbitrator shall decide all issues of interpretation and application of this Agreement."). Under that clause, if a party disputes the enforceability of the Mutual Arbitration Provision or how that provision should be applied, that dispute must itself be decided by an arbitrator. It is well-settled that, "[j]ust as a court may not decide a merits question that the parties have delegated to an arbitrator, a court may not decide an arbitrability question that the parties have delegated to an arbitrator." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, __ U.S. __, 139 S. Ct. 524, 530 (2019).

For example, in *Adams v. Postmates, Inc*., 414 F. Supp. 3d 1246 (N.D. Cal. 2019), *aff'd*, 823 F. App'x 535 (9th Cir. 2020), Postmates sought an order compelling the petitioner couriers to refile their arbitration demands and proceed on an "individual" basis rather than by "de facto class action." *Id.* at 1248. The court concluded that the broad delegation clause in the arbitration agreement "clearly and unmistakably" delegates gateway questions of arbitrability to the arbitrator

and, applying contract-interpretation principles, no exception to the delegation clause applied. *Id.* at 1252. Accordingly, Postmates' argument as to whether the petitioners' arbitration claims improperly constituted an attempt to arbitrate on a class-wide basis was explicitly delegated to the arbitrator. *Id.* at 1254. The court also noted that, based on the AAA's rules, whether the petitioners' demands comported with the requirements of the Mutual Arbitration Provision is "within the arbitrator's exclusive authority." *Id.* at 1254-55; *accord Postmates Inc. v. 10,356 Individuals*, No. CV 20-2783 PSG (JEMx), 2020 WL 1908302, at *6 (C.D. Cal. Apr. 15, 2020) (Postmates is "unlikely to succeed on the merits of its first argument, that [petitioners] have impermissibly filed de facto class arbitration" because "the issue is likely delegated to the arbitrator.").

As explained above, Samsung interprets the arbitration agreement as prohibiting Petitioners from joining enforcement of their individually filed arbitration demands into a single petition before this Court, and, instead, Petitioners must file over 1,000 individual court cases to force arbitration. Setting aside the needless inefficiencies and increased burdens on the judiciary of such an approach, resolution of Samsung's argument is delegated to the AAA.

### D.     Samsung's Motion to Dismiss for Improper Venue Is Meritless

Samsung contends that venue for the Petition is improper in the Northern District of Illinois because they contend that at least 318 Petitioners live outside the District.[5] This contention is virtually impossible to address, since Samsung does not identify which of the Petitioners it contends live outside the District. However, even assuming that Samsung is correct that some Petitioners live outside the District, venue is still proper here because venue is concededly proper

---

[5]     According to Samsung, based upon the list of Petitioners listed on Exhibit A to the Petition, 203 reside in the Central District of Illinois, 114 reside in the Southern District of Illinois, and one resides in Indiana. No Petitioner is listed as residing in Indiana, and Samsung does not identify which of the other Petitioners supposedly live in other districts.

as to the remaining Petitioners, and because all Petitioners' claims arise out of the same facts and circumstances.

A civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located[.]" 28 U.S.C. §1391(b)(1). Section 1391(c)(2) provides that an entity that can sue or be sued in its own name is "deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question[.]" In states with more than one judicial district, a corporation is "deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State[.]" 28 U.S.C. §1391(d).

Aside from the 318 Petitioners that supposedly live outside this District, Samsung raises no issue that it would be subject to personal jurisdiction in this District with respect to their claims. Samsung sells smart phones in this District, and Petitioners' claims arise from the use of those smart phones that were purchased in this District. Without question, there is specific personal jurisdiction over Samsung in this District with respect to those Petitioners. *See, e.g.*, *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, __ U.S. __, 141 S. Ct. 1017, 1025 (2021) (For specific personal jurisdiction, "[t]he plaintiff's claims, we have often stated, must arise out of or relate to the defendant's contacts with the forum.") (quoting *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., San Francisco Cnty.*, 582 U.S. 255, 272 (2017)). Since Samsung is subject to personal jurisdiction in this District, it "resides" here under Section 1391(d) for at least 710 of the Petitioners' claims. However, since venue is proper as to those Petitioners, it would be inappropriate to dismiss the claims of the remaining Petitioners under the doctrine of pendant venue.

Under the doctrine of pendant venue, federal courts may exercise their discretion to hear claims where venue might be lacking if those claims arise out of a common nucleus of operative facts with the claims as to which venue is proper. *Photogen, Inc. v. Wolf*, No. 00 C 5841, 2001 WL 477226, at *4 (N.D. Ill. May 7, 2001); *Serpico v. Laborers' Int'l Union of N. Am.*, No. 95 C 0614, 1995 WL 479569, at *5 (N.D. Ill. Aug. 4, 1995); *VMS/PCA Ltd. P'ship v. PCA Partners Ltd. P'ship*, 727 F. Supp. 1167, 1174 (N.D. Ill. 1989). The key consideration in applying pendant venue is whether the claims arise from the same nucleus of operative facts because the touchstones of pendant venue are judicial economy, convenience, and fairness. *CSX Transp., Inc. v. Zayo Grp., LLC*, No. 1:21-cv-02859-JMS-MJD, 2022 WL 2356075, at *7 (S.D. Ind. Mar. 4, 2022); *Nabong v. Paddayuman*, 289 F. Supp. 3d 131, 136 (D.D.C. 2018).

Here, all of the Petitioners' claims arise from the same nucleus of operative facts. Samsung has treated Petitioners' claims as a group, delayed them as a group, and failed to pay its portion of the AAA's fees relating to Petitioners' claims as a group. It would promote judicial economy, convenience, and fairness to consider their Petition as a group. It makes no sense to send the claims of the 318 Petitioners who purportedly reside elsewhere to other districts so other judges can hear the same dispute as are presented here multiple times. Doing so would be inconvenient to the parties for the very same reasons, and it would be unfair to the parties because different factfinders ruling on the same dispute inevitably raise the possibility of inconsistent results for similarly situated parties. All of the factors underlying the application of pendant venue militate in favor of keeping all of Petitioners' claims here, presenting the evidence supporting their applications to compel arbitration to one fact finder one time to get one result.

### E. The Issue of Multiple Representation of Some Petitioners Has Been Resolved

Counsel for Petitioners have investigated and resolved the issue of alleged multiple representations for the 241 individuals identified by Samsung. Of these individuals, 240 appear to be the same person. The undersigned will continue to represent the 24 overlapping Petitioners identified in Ex. V to the Suppl. Decl. of Gary M. Klinger ("Suppl. Klinger Decl."). Petitioners withdraw the instant Petition as to the remaining overlapping individuals who will be represented by Labaton Sucharow and seek relief in *Wallrich v. Samsung Elecs. Am., Inc.*, No. 1:22-cv-05506 (N.D. Ill., filed Oct. 7, 2022).[6] For the Court's convenience, a complete list of the Petitioners remaining in this action (807 individuals) is attached as Ex. W to the Suppl. Klinger Decl.

Petitioners' counsel respectfully submit that they take their professional and ethical obligations to their clients, this Court, and opposing counsel extraordinarily seriously and would never intentionally violate a single ethical canon in any matter. Dual-representation issues are not uncommon in mass-tort cases, where clients may (inadvertently or not) sign representation agreements with more than one law firm. Petitioners' counsel endeavor in good faith to avoid such issues and, of course, welcome Samsung's cooperation.

### F. Petitioners Plead a *Prima Facie* Claim to Compel Arbitration

The standard for a motion to dismiss a petition or complaint to compel arbitration is decided under Rule 12(b)(6), while a motion to compel arbitration is decided under a standard akin to summary judgment. *See Thomas D. Philipsborn Irrevocable Ins. Trust v. Avon Cap., LLC*, No. 11 C 3274, 2012 WL 4513903, at *1-2 (N.D. Ill. Oct. 1, 2012). To overcome a motion to dismiss, a complaint must state a claim to relief that is plausible on its face. *See, e.g.*, *Kallemeyn Collision*

---

[6]     During their counsel's investigation, Petitioners identified four additional duplicate claimants and also withdraw the Petition as to those individuals.

*Ctr., Inc. v. Standard Fire Ins. Co.*, 628 F. Supp. 3d 769, 774 (N.D. Ill. 2022) (A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (quoting *Ashcroft v. Iqbal*, 556 U.S. 661, 678 (2009)). When considering a motion to dismiss, the court accepts as true all well-pleaded facts alleged and draws all possible inferences in plaintiff's favor. *Id.* (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)).

Under the Federal Arbitration Act ("FAA"), 9 U.S.C. §4, arbitration must be compelled if the party seeking arbitration shows: (1) a written agreement to arbitrate; (2) a dispute within the scope of the arbitration agreement; and (3) a refusal to arbitrate. *Revels v. Super 8 by Wyndam*, No. 22-cv-50284, 2023 WL 3627721, at *1 (N.D. Ill. May 24, 2023) (quoting *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 417 F.3d 682, 687 (7th Cir. 2005)).

Here, Samsung does not complain that Petitioners have failed to allege the required elements of their claim under the FAA, nor could it. Petitioners expressly allege as much. They allege a written agreement to arbitration with Samsung (ECF 1, ¶¶2-3, 6, 19, 27-28, Ex. A); that they have disputes with Samsung within the scope of their arbitration agreements (*id.*, ¶3, Exs. B, E); and that Samsung has refused to arbitrate (*id.*, ¶¶11-12, 16-17, 35-36). Since Petitioners have pled all of the elements of a claim to compel arbitration in their Petition, and Samsung does not argue otherwise, that should be the end of the analysis.

Samsung's argument that Petitioners have failed to carry their ***evidentiary*** burden with respect to establishing there is an agreement to arbitrate (MTD at 14-19) is a defense to Petitioners' Motion to Compel Arbitration which has been dumped into its Motion to Dismiss because there was apparently insufficient room to make it in its opposition brief. Both parties received additional pages for their respective briefing. Samsung chose to spend the pages in its brief opposing

Petitioners' Motion to Compel Arbitration disparaging Petitioners' counsel rather than addressing the merits of Petitioners' Motion to Compel Arbitration. Samsung should not be allowed to take pages from its Motion to Dismiss to present arguments it should have and could have made in opposing Petitioners' Motion to Compel Arbitration. As a result, the Court should disregard Samsung's arguments that Petitioners have failed to meet their burden of proof.

### G. It Is Samsung's Burden to Show There Is No Applicable Arbitration Agreement

Assuming the Court reaches Samsung's argument that Petitioners supposedly have not established the existence of an arbitration agreement between themselves and Samsung, Samsung ignores whose burden it is to prove what on a motion to compel arbitration. Samsung is half right in that the standard for a motion to compel arbitration is akin to that of a motion for summary judgment. MTD at 14. The party seeking to compel arbitration must first show that there is a written agreement to arbitrate. In order to authenticate an arbitration agreement, the proponent must clear a bar that "is not high." *Guilano as Trustee for RIH Acquisitions NJ LLC v. Sci. Games Corp.*, No. 20-cv-05262, 2022 WL 1591651, at *3 (N.D. Ill. May 19, 2022). Demonstrating authenticity "requires evidence sufficient to support a finding that the matter in question is what its proponent claims[.]" *Id.* Samsung ignores the second part of the test that once there is a showing that there is an agreement to arbitrate, it is then the party ***opposing*** arbitration's burden to identify a triable issue of fact concerning the existence of a valid arbitration agreement. *Varma v. TCC Wireless, LLC*, 478 F. Supp. 3d 724, 729 (N.D. Ill. 2020); *Baker v. Santander Consumer USA*, No. 18 C 07365, 2019 WL 4750287, at *2 (N.D. Ill. Sept. 30, 2019); *Lillegard v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, No. 16 C 8075, 2017 WL 1954545, at *1 (N.D. Ill. May 11, 2017); *see also Tinder v. Pinkerton Sec.*, 305 F.3d 728, 735 (7th Cir. 2002) ("A district court must promptly compel arbitration once it is satisfied that the parties agreed to arbitrate. But if the district court

determines that the making of the arbitration agreement is seriously disputed, the court shall proceed summarily to the trial thereof.").

Here, Petitioners have established that they have valid arbitration agreements with Samsung. Exhibit B-1 to the Petition (ECF 1-2) sets forth a copy of Samsung's Terms and Conditions included as part of the purchase of *any* Samsung phone. Exhibit E to the Petition includes a sample demand for arbitration on behalf of one of the Petitioners, Melinda Garcia. ECF 1-7. Exhibit F to the Petition is an acknowledgement by the AAA of receipt of every Petitioners' demands for arbitration. ECF 1-8. Exhibits Q through T annexed to the Declaration of Gary M. Klinger filed in support of Petitioners' Motion to Compel Arbitration (ECF 25-1) are declarations of Samsung personnel filed in other cases where it was to Samsung's advantage to compel arbitration, swearing under oath that *every* purchaser of Samsung smart phones is required to agree to arbitration, the process by which they so agree, and the terms of the applicable arbitration agreements. Samsung's own words demonstrate that the arbitration agreements Petitioners rely upon are what they purport to be.

Here, the applicable arbitration agreements are authenticated by Samsung's own declarations filed in other cases before other federal district judges where it moved to compel arbitration with the very same arbitration provision that it seeks to avoid here. Those declarations set forth in detail the process by which all purchasers of Samsung smart phones agree to Samsung's Terms and Conditions, which include a provision to arbitrate all claims.

Samsung complains that Petitioners' evidence falls short of establishing the existence of a valid arbitration agreement between each Petitioner and Samsung. MTD at 14-16. At the same time, Samsung uses that very same evidence to argue that each of the Petitioners is necessarily bound by the class action waiver that appears in the sentence immediately following the agreement

- 14 -

to arbitrate. If Samsung's terms and conditions are sufficiently authenticated to support Samsung's argument that this Petition is an improper collective action, it is sufficiently authenticated to support a motion to compel arbitration. Samsung's argument is highly disingenuous, to say the least. *See Schwinder v. Austin Bank of Chi.*, 809 N.E.2d 180, 193 (Ill. App. 2004) ("[A] contract should be construed so as to make the obligations imposed by its terms mutually binding upon the parties, unless such a construction is wholly negated by the language used."); *In re Kazmierczak*, 24 F.3d 1020, 1022 (7th Cir. 1994) ("[A] proposed contractual interpretation that would read out of a contract language obviously important to one of the parties faces and ought to face a distinctly uphill struggle for judicial acceptance.") (Posner, C.J.)

Feigning ignorance, Samsung also complains that each Petitioner has failed to show which version of Samsung's Terms and Conditions were in effect as to the time when they agreed to its terms. MTD at 16-17. However, as is demonstrated in Samsung's own declarations filed in support of motions to compel arbitration elsewhere, the arbitration provisions are substantially the same regardless of which version of the Terms and Conditions was in effect when each Petitioner purchased their phones. Indeed, Samsung tellingly never argues that ***any*** version of its Terms and Conditions ***did not*** contain a mutual agreement to arbitrate. A material fact, for purposes of summary judgment, is one that would make a difference in the outcome of the case under governing law. *See, e.g.*, *United States v. Paradise*, 127 F. Supp. 2d 951, 953 (N.D. Ill. 2000); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Samsung has failed to identify any differences in any of the potentially applicable versions of the arbitration provisions of its Terms and Conditions that would make any difference in the outcome of the pending motions.

- 15 -

### H. Samsung Is Not Entitled to Discovery as to Whether Each Petitioner Agreed to Arbitrate

As a fallback, Samsung argues that it is entitled to challenge at trial whether each Petitioner is a party to an agreement to arbitrate. MTD at 19. It is not.

Rule 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Here, Samsung has presented no evidence that creates any genuine issue of material fact as to whether Petitioners are purchasers of Samsung smart phones, nor has it offered any explanation, by affidavit, declaration or otherwise, why it cannot offer any facts to contradict Petitioners' allegations that they are, in fact, Samsung smart phone purchasers and, as a result, parties to an arbitration agreement with Samsung, or what additional facts it might need in order to oppose Petitioners' Petition. Samsung's sole defense is that Petitioners have failed to meet their own burden of proof. Samsung makes no claim that Petitioners have exclusive knowledge as to whether they purchased Samsung smart phones, or that somehow information as to whether they are actual purchasers of Samsung smart phones is beyond Samsung's control. As a result, there are no genuine issues of fact to try.

Indeed, Samsung should already know from its own records whether each of the Petitioners purchased a Samsung smart phone because as part of the on-line set-up process, both the purchaser's wireless carrier and Samsung are provided with the purchaser's name, serial number of the phone, and phone number. Samsung already knows the identity of everyone who purchased one of its phones, and, as it swore in multiple federal court declarations, the process of setting up

- 16 -

the phone for use requires the purchaser to agree to Samsung's Terms and Conditions containing an arbitration agreement. Its failure to present a declaration or affidavit from an employee with knowledge of Samsung's records with respect to whether Petitioners are actual Samsung smart phone purchasers, which it regularly does when it is seeking to compel arbitration, highlights the fallacy of Samsung's position.

While the section heading argues that "Discovery . . . Must Be Had As To Whether Each Petitioner Entered Into An Agreement To Arbitrate" (MTD at 19), nowhere in the text of its brief does Samsung set forth what discovery from whom would be appropriate to contradict Petitioners' allegation that they are parties to arbitration agreements with Samsung. The reason is self-evident: Samsung itself would be the source of such discovery. Samsung does not need discovery from itself. If Samsung's records showed that any of Petitioners were not legitimate purchasers of Samsung smart phones, it could (and should) produce a declaration to that effect.

All that being said, *672 Petitioners* have now submitted declarations that they used a Samsung smart phone, assented to Samsung's Terms and Conditions as part of their sign-up process, and are bound by the arbitration agreement. *See* Klinger Decl. Ex. X, filed concurrently herewith. If Samsung and its counsel are now willing to tell a federal district court, under Rule 11, that they have evidence suggesting that these Petitioners are not Samsung smart phone purchasers or users who assented to Samsung's arbitration agreement, Petitioners would welcome that with open eyes.

## IV.   CONCLUSION

For the forgoing reasons, Petitioners respectfully request that the Court deny Samsung's Motion to Dismiss in its entirety, including its request for discovery.

DATED:  July 28, 2023

Respectfully submitted,

MILBERG COLEMAN BRYSON
  PHILLIPS GROSSMAN, PLLC
GARY M. KLINGER

_____
       */s/ Gary M. Klinger*
       Gary M. Klinger

227 West Monroe Street, Suite 2100
Chicago, IL  60606
Telephone:  866/252-0878
gklinger@milberg.com

MILBERG COLEMAN BRYSON
  PHILLIPS GROSSMAN, PLLC
JONATHAN B. COHEN
3833 Central Avenue
St. Petersburg, FL  33713
Telephone:  813/699-4056
jcohen@milberg.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
STUART A. DAVIDSON
MARK DEARMAN
LINDSEY H. TAYLOR
ALEXANDER C. COHEN (*pro hac vice*)
225 NE Mizner Boulevard, Suite 720
Boca Raton, FL  33432
Telephone:  561/750-3000
sdavidson@rgrdlaw.com
mdearman@rgrdlaw.com
ltaylor@rgrdlaw.com
acohen@rgrdlaw.com

Attorneys for Petitioners

- 18 -