**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MELANIE HOEG, ANGELA DAVIS, MELINDA GARCIA, and 1,025 OTHER INDIVIDUALS,**

                        *Petitioners*,

       - against -

**SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG ELECTRONICS CO., LTD.** (d/b/a Samsung Electronics America, Inc.),

                        *Respondents*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Civil Action No: 1:23-cv-1951

Hon. Harry D. Leinenweber

## RESPONDENTS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE PETITION TO COMPEL ARBITRATION

Mark Howard Boyle
DONOHUE BROWN MATHEWSON &
    SMYTH LLC
131 South Dearborn Street, Suite 1600
Chicago, Illinois 60603
Telephone: (312) 422-0900

Randall W. Edwards
Matthew D. Powers (*pro hac vice*)
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
Telephone: (415) 984-8700

Dated: August 28, 2023

James L. Kopecky
KOPECKY SCHUMACHER
    ROSENBURG LLC
120 North LaSalle Street, Suite 2000
Chicago, Illinois 60601
Telephone: (312) 380-6552

Michael W. McTigue Jr.
Meredith C. Slawe
Kurt Wm. Hemr
Colm P. McInerney (*pro hac vice*)
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001-8602
Telephone: (212) 735-3000

*Attorneys for Respondents
Samsung Electronics America, Inc. and
Samsung Electronics Co., Ltd.*

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ........................................................................................ ii

PRELIMINARY STATEMENT ................................................................................... 1

ARGUMENT ................................................................................................................. 3

     1.    Petitioners' Counsel Now Admit That They Do Not Represent Hundreds Of Named Petitioners And That They Have No Claim Against SEC .................... 3

     2.    The Petition Must Be Dismissed As To All Petitioners Who Have Failed To Establish A Basis For Venue In This District ...................................... 5

     3.    Petitioners' Threadbare Declarations Lack Basic Information And Cannot Provide Sufficient Evidence Of An Arbitration Agreement .................................. 7

     4.    The Petition Violates The Arbitration Agreement's Collective Action Waiver ................................................................................................................. 12

     5.    The Petition Should Be Dismissed For The Additional Reasons Set Forth In Samsung's Opposition To The MTCA ............................................................. 14

CONCLUSION ............................................................................................................. 15

i

## **TABLE OF AUTHORITIES**

### **CASES** Page(s)

*Abernathy v. DoorDash, Inc.*,
    No. 3:19-cv-07545-WHA, 2019 WL 13402416 (N.D. Cal. Nov. 26, 2019) ....................9

*Abernathy v. DoorDash, Inc.*,
    438 F. Supp. 3d 1062 (N.D. Cal. 2020) ................................................................9

*Acheron Portfolio Trust v. Mukamal as Trustee of Mutual Benefits Keep Policy Trust*,
    No. 20-CV-25025, 2021 WL 2079734 (S.D. Fla. Apr. 6, 2021),
    *report and recommendation adopted*,
    No. 1:20-CV-25025, 2021 WL 2072428 (S.D. Fla. May 24, 2021) ...............10

*Adams v. Postmates, Inc.*,
    414 F. Supp. 3d 1246 (N.D. Cal. 2019) ...........................................................13

*Alltech, Inc. v. Carter*,
    No. CIV.A 508CV00325KKC, 2010 WL 988987 (E.D. Ky. Mar. 15, 2010) ....................6

*Brandifino v. CryptoMetrics, Inc.*,
    27 Misc. 3d 513 (N.Y. Sup. Ct. 2010) ..............................................................15

*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*,
    582 U.S. 255 (2017) ....................................................................................7

*Brown v. Dillard's, Inc.*,
    430 F.3d 1004 (9th Cir. 2005) .......................................................................15

*Citizens for Quality Education San Diego v. Barrera*,
    333 F. Supp. 3d 1003 (S.D. Cal. 2018) ...........................................................9

*De La Fuente v. I.C.C.*,
    451 F. Supp. 867 (N.D. Ill. 1978) ...................................................................6

*In re Evanston Northwestern Corp. Antitrust Litigation*,
    No. 07-CV-04446, 2015 WL 13735423 (N.D. Ill. Sept. 4, 2015) ....................10

*Franlogic Scout Development, LLC v. Scott Holdings, Inc.*,
    No. CV 16-5042, 2017 WL 2982396 (E.D. Pa. July 12, 2017) .......................10

*Gamboa v. USA Cycling, Inc.*,
    No. 2:12-CV-10051-ODW, 2013 WL 1700951 (C.D. Cal. Apr. 18, 2013) ....................6

*Gilbert v. I.C. System, Inc.*,
    No. 19-CV-04988, 2021 WL 292852 (N.D. Ill. Jan. 28, 2021) ....................9, 12

*Greco v. Uber Techs., Inc.*,
No. 4:20-CV-02698-YGR, 2020 WL 5628966 (N.D. Cal. Sept. 3, 2020) ........................14

*Gregory v. Home Insurance Co.*,
876 F.2d 602 (7th Cir. 1989) ...........................................................................................13

*Johnson v. Uber Technologies, Inc.*,
No. 16 C 5468, 2017 WL 1155384 (N.D. Ill. Mar. 13, 2017) ............................................9

*Orantes-Hernandez v. Gonzales*,
504 F. Supp. 2d 825 (C.D. Cal. 2007) ...............................................................................9

*People v. Esposito*,
545 N.Y.S.2d 468 (Sup. Ct. 1989), *aff'd*, 160 A.D.2d 378 (1990)....................................13

*Photogen, Inc. v. Wolf*,
No. 00 C 5841, 2001 WL 477226 (N.D. Ill. May 7, 2001) .................................................6

*PNC Bank, N.A. v. OHMC-Oswego, LLC*,
No. 11 C 301, 2011 WL 13257112 (N.D. Ill. June 20, 2011) .............................................6

*Postmates Inc. v. 10,356 Individuals*,
No. CV 20-2783 PSG (JEMx), 2021 WL 540155 (C.D. Cal. Jan. 19, 2021)....................13

*Serpico v. Laborers' International Union of North America*,
Nos. 95 C 0614 *et seq.*, 1995 WL 479569 (N.D. Ill. Aug. 4, 1995) ...................................6

*Tinder v. Pinkerton Security*,
305 F.3d 728 (7th Cir. 2002) .............................................................................................7

*Twin City Fire Insurance Co. v. Vonachen Services*, *Inc.*,
567 F. Supp. 979, 1001 (C.D. Ill. 2021) ..........................................................................13

*United Computer Systems, Inc. v. AT&T Corp.*,
298 F.3d 756 (9th Cir. 2002) ...........................................................................................15

*USA Gymnastics v. Liberty Insurance Underwriters, Inc*
27 F.4th 499 (7th Cir. 2022) ............................................................................................12

*VMS/PCA Ltd. Partnership v. PCA Partners Ltd. Partnership*,
727 F. Supp. 1167 (N.D. Ill. 1989) ....................................................................................6

## STATUTES           Page(s)

28 U.S.C. § 1391.................................................................................................................5, 6, 7

28 U.S.C. § 1927....................................................................................................................3

**RULE**                                                                                          **Page(s)**

Federal Rule of Civil Procedure 11 .............................................................................................1, 3

## PRELIMINARY STATEMENT[1]

Of the 1,028 individuals on whose behalf Petitioners' Counsel putatively filed this action in this Court a mere five months ago, it is now beyond dispute that *more than half* of them never had any legitimate business before this Court:

- 221 of them (at least) were already represented by other counsel who had brought the very same claim in this same Court. Their claims have now been belatedly withdrawn.

- 149 of the remaining 807 were unwilling to provide Petitioners' Counsel with even an extremely rudimentary, boilerplate declaration in support of their putative standing to bring a claim.

- 194 of the 658 Petitioners who did provide such declarations do not live in this District and there is no venue for their claim here.[2]

That leaves just 464 of 1,028 Petitioners. A batting average of .451 is impressive in professional baseball, but Federal Rule of Civil Procedure 11(b) imposes a far more demanding standard. That Rule provides that "[b]y presenting to the court a pleading," an attorney "certifies that to the best of [their] knowledge, information, and belief," formed after "reasonable inquiry," that the pleading "is not being presented for any improper purpose" and that its "factual contentions have evidentiary support." *Id.* It is now evident that no such "reasonable inquiry" was ever made here: this Petition was simply part of a scheme to extort a windfall settlement based on the specter of a mass of claimants and millions of dollars in associated arbitral fees. Has this Court ever

---

[1]    "Opposition" or "MTD Opp." refers to Petitioners' Opposition (ECF No. 41). "MTCA Reply" refers to Petitioners' Reply In Support of Motion To Compel Arbitration (ECF No. 42). Capitalized terms have the meanings ascribed to them in prior briefing.

[2]    *See* Ex. 32 hereto (annotated version of Pet. Ex. A summarizing this analysis). While Petitioners' Counsel purport to exhibit "a compendium of 672 declarations" (Klinger Decl. (ECF No. 43) ¶ 5), the actual number is 658 when duplicates and three declarations filed by individuals who are *not* Petitioners are excluded. *See* pp. 7-8 *infra*.

previously been presented with a pleading filed on behalf of *hundreds* of named individuals who all but *disappeared* after that filing was made in their names? That is extraordinarily improper conduct that is in clear violation of the Rules.

Those deficiencies are not simple procedural missteps. Samsung has a longstanding consumer arbitration program through which it has arbitrated many genuine disputes. Petitioners' Counsel's threat to file tens of thousands of frivolous arbitration demands on behalf of individuals—many of whom, as Samsung has long suspected and which has now been made clear, *they did not even represent*—was an egregious abuse of that process. When the parties agreed to mediate, the AAA closed the arbitrations that Petitioners had commenced, and advised Petitioners that they could re-file their demands if mediation was unsuccessful. Petitioners elected not to do that. There was thus no refusal by SEA to arbitrate, and accordingly no judicial relief is necessary or authorized here.

Even as to the minority of Petitioners who (i) have not withdrawn from the action, (ii) provided a declaration in support of their putative claims, and (iii) reside in this District, there is no basis for any award of relief. The threadbare declarations provided by Petitioners' Counsel are unreliable on their face and do not establish the existence of an arbitration agreement between any of those Petitioners and Samsung. Even if those Petitioners could establish such agreements exist, the collective action waiver set forth in that agreement precludes them from asserting any claims *en masse* before this court. And even if those obstacles could be overcome—which they cannot—for the reasons explained in Samsung's opposition to Petitioners' motion to compel arbitration, there was no refusal by SEA to arbitrate and there is otherwise no basis here for judicial intervention into the AAA's administration of arbitrations in accordance with its Rules.

In short, this Petition should be dismissed in its entirety, and with prejudice. Samsung

respectfully defers to this Court's discretion as to whether the conduct of Petitioners' Counsel here warrants investigation and/or sanctions, but there should be no doubt that that the conduct violates Federal Rule of Civil Procedure 11. This Court has inherent authority under Rule 11(c)(3) as well as statutory authority under 28 U.S.C. § 1927 to address that conduct.

## ARGUMENT

### 1. Petitioners' Counsel Now Admit That They Do Not Represent Hundreds Of Named Petitioners And That They Have No Claim Against SEC

Petitioners' Counsel now acknowledge that they filed this Petition on behalf of at least 240 Petitioners who were also petitioners in the pending *Wallrich* action represented by other counsel (MTD Opp. at 11.) To say it explicitly: counsel were asking this Court to enter a judicial order granting relief to *hundreds* of Petitioners—whom *they did not represent*—that would have required Samsung to pay millions of dollars in arbitration fees. This was not a mere administrative hiccup: it was an egregious misuse of this Court's processes. Petitioners' Counsel now purportedly "withdraw" 221 of those Petitioners' claims (MTCA Reply at 11), but have taken no other action to effectuate that withdrawal. Regardless, those Petitioners cannot be awarded any relief here.[3]

Petitioners' Counsel offer no explanation for why it took four months for them to address the issue of Petitioners' representation by other counsel. Samsung identified this issue on March 30, 2023, just two days after the Petition was filed. (*See Wallrich*, ECF No. 40.) A week later, on April 6, 2023, Petitioners' Counsel represented to the *Wallrich* court that they and counsel for the *Wallrich* petitioners (Labaton) had "established a protocol to address the dual-representation issue"

---

[3] Petitioners further concede that their Petition sought to compel arbitration against SEC even though they have never demanded arbitration against SEC. (MTCA Reply at 11.) Petitioners now say they will withdraw their MTCA against SEC "without prejudice to refiling the same" (*id.* at 11), but there was never any basis for any award of relief against SEC where no demand for arbitration had been made. The Petition should have been withdrawn in its entirety against SEC, and this Court should dismiss the Petition with respect to SEC.

and that "[o]nce it is determined which law firm(s) will be representing which overlapping Petitioner, the Court and Respondents will be promptly advised." (*Wallrich*, ECF No. 41, at 2.) Notwithstanding that representation, one month later, on May 4, 2023, Petitioners' Counsel moved to compel arbitration on behalf of *all* 1,028 Petitioners without withdrawing any Petitioners' claim.

Even now, Petitioners' Counsel's putative resolution of this issue remains deficient. They previously represented to the *Wallrich* court that they had met with Labaton and agreed "that no single Petitioner will be represented by different law firms in separate arbitration or litigation." (*Id.*) But at least six Petitioners represented here by Petitioners' Counsel apparently remain as petitioners in *Wallrich* without any explanation.[4] And notwithstanding Petitioners' Counsel's assertion (MTD Opp. at 11) that they "will continue to represent the 24 overlapping Petitioners" identified in Exhibit V to the declaration of Mr. Klinger, Labaton has not withdrawn the petition filed in *Wallrich* as to those individuals. This is improper, duplicative, and vexatious litigation and the Court has authority to impose sanctions for such practices. (*See* MTD at 10 n.8.)

Samsung's analysis indicates that many of the remaining 807 Petitioners continue to be represented by one or more other law firms (including Labaton) threatening or pursuing the same claims in arbitration against Samsung.[5] On August 14, 2023, another law firm (Kind Law) advised the AAA that some of the claimants that they are representing in AAA arbitrations might also be represented by Labaton and/or Petitioners' Counsel, and that "we have previously reached out to Labaton Sucharow and Milberg Coleman to discuss." (Ex. 33 at 3.) One of those claimants is

---

[4]   Faith Gordon Bridges, Andrew Fey, Erica McDonald, Wayne Majors, Carmen Monique, and Ivelisse Sepulveda. Samsung's prior submission identifying overlapping petitioners (*Wallrich*, ECF No. 40, Ex. 3) did not list these individuals because of doubt as to whether these were the same individuals listed as Petitioners here, but it is likely that some if not all are, and Petitioners' Counsel do not appear to have performed any investigation to resolve the issue.

[5]   Samsung advised Petitioners' Counsel of this issue months ago, and Samsung's prior papers in this action also noted it. (MTCA Opp. at 20-21.)

Wayne Majors, a Petitioner in this action as well as in the *Wallrich* action.  Kind Law has asserted to the AAA that Mr. Majors "is not aware of being represented by any other firm and would like us to continue our representation."  (*Id.* at 2.)  Yet Petitioners' Counsel submitted a declaration from Mr. Majors with their most recent filing—made on July 28, 2023, just over two weeks before Kind Law's representation to the AAA.  (Klinger Decl., Ex. X at PDF p. 665.)

Petitioners' Counsel's repeated insistence that the burden of resolving this issue should be imposed on Samsung is absurd.  As the Civil Justice Association of California ("CJAC") noted in a letter it recently sent on behalf of its members to the State Bar of California, where plaintiffs' counsel "essentially outsources to defendants the vetting that the mass arbitration filers were ethically obligated to conduct before bringing the claims," and then "just voluntarily crosses the bogus claimants off their list of clients once the defendant identifies them," that "turns the ethical rules on their head."  (Ex. 34 at 3.)  CJAC's letter highlighted the "numerous ways in which lawyers filing or threatening to file mass arbitrations in the names of people recruited online have not properly vetted their putative clients' claims," (*id.* at 2),[6] and it encouraged the State Bar to "investigate" the "serious alleged ethical violations in the mass-arbitration context."  (*Id.* at 4.)  The failure of Petitioners' Counsel here to make a reasonable inquiry raises the same questions.

**2.    The Petition Must Be Dismissed As To All Petitioners Who
       Have Failed To Establish A Basis For Venue In This District**

Neither of the Petition's 28 U.S.C. § 1391 venue allegations—*i.e.*, that venue was proper "because many of the Petitioners live in this District," and "the arbitrations were venued to take place in this District"—provides a sufficient basis for venue as to each Petitioner.  It is evident

---

[6]    *See id.* at 2 ("[W]hen some lawyers treat their clients as fungible entries on a spreadsheet designed to maximize settlement payments and concomitant attorneys' fees—rather than treating their clients as unique individuals with claims to be resolved—ethical abuses predictably can and do occur.").

5

from Petitioners' own submission that a great many Petitioners do *not* live in this District. Moreover, no arbitration was ever venued anywhere. (MTD at 11-12.) Petitioners complain that this contention "is virtually impossible to address, since Samsung does not identify which of the Petitioners it contends live outside the District." (MTD Opp. at 8.) But Exhibit A to their own Petition purports to identify where each Petitioner resides. (*See* MTD at 11 & n.9.)[7]

Petitioners further assert that those who reside outside this District may prosecute their claims here "under the doctrine of pendant [sic] venue." (MTD Opp. at 9.) But courts that have applied a theory of "pendent venue" have done so only where venue lies as to some but not all of a single plaintiff's claims, *not* to extend venue from one plaintiff's claims to another's.[8] In each case that Petitioners cite, the court had already held that there was venue over at least one claim between the same plaintiff and defendant.[9] But for the Petitioners who reside outside this District, this Court is not the correct venue for any of their claims, and so no theory of "pendent venue"

---

[7]    Petitioners also assert that "[n]o Petitioner is listed as residing in Indiana" (MTD Opp. at 8, n. 5), but Petitioner Lisa Alvarado is identified as located in the city of "Hobart." There is no city in Illinois named Hobart, but there is such a city in Indiana.

[8]    "The doctrine of pendent venue applies *to claims*, not parties." *Alltech, Inc. v. Carter*, No. 5:08-cv-00325-KKC, 2010 WL 988987, at *3 (E.D. Ky. Mar. 15, 2010) (emphasis added) (granting motion to transfer where venue was improper for one defendant and the court rejected application of pendent venue); *accord PNC Bank, N.A. v. OHCMC-Oswego, LLC*, No. 11 C 301, 2011 WL 13257112, at *3 (N.D. Ill. June 20, 2011) (holding venue was improper as to one defendant who had a contrary forum selection clause and declining to find pendent venue); *Gamboa v. USA Cycling, Inc.*, No. 2:12-CV-10051-ODW, 2013 WL 1700951, at *4 (C.D. Cal. Apr. 18, 2013) ("No court has ever recognized 'pendent party' venue. This Court declines to be the first to do so. Notably, validation of such a theory would undermine the limitations of 28 U.S.C. § 1391 that exist to protect defendants from litigating in an inconvenient forum."); *De La Fuente v. I.C.C.*, 451 F. Supp. 867, 870-71 (N.D. Ill. 1978) (declining to exercise pendent venue over the claims against two defendants simply because they were factually related to claims against other defendants which were properly brought in that forum).

[9]    *See Photogen, Inc. v. Wolf*, No. 00 C 5841, 2001 WL 477226, at *4 (N.D. Ill. May 7, 2001) (hearing fiduciary duty claim where venue was proper for other claims between the plaintiff company and the defendant, its former employee); *see also Serpico v. Laborers' Int'l Union of N. Am.*, No. 95 C 0614, 1995 WL 479569, at *5 (N.D. Ill. Aug. 4, 1995); *VMS/PCA Ltd. P'ship v. PCA Partners Ltd. P'ship*, 727 F. Supp. 1167, 1174 (N.D. Ill. 1989).

will cure their failure to plead a factual basis for venue here.

Petitioners' new argument that venue is proper under 28 U.S.C. § 1391 because Samsung is subject to personal jurisdiction in this District (MTD Opp. at 9) is not pleaded as a basis for venue in the Petition. In any event, that contention would not cure the lack of venue as to those Petitioners who reside outside the District because SEA does not "reside" in the District with respect to those Petitioners' claims. Under 28 U.S.C. § 1391(d), a "corporation shall be deemed to reside in any district in [a multidistrict] State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." 28 U.S.C. § 1391(d). If this District were a separate state, there would be no basis to extend personal jurisdiction over SEA—which is organized under New York law and has its principal place of business in New Jersey—with respect to the claim of any Petitioner who does not reside in this District. *See Bristol-Myers Squibb Co. v. Superior Ct.*, 582 U.S. 255, 265 (2017).

### 3. Petitioners' Threadbare Declarations Lack Basic Information And Cannot Provide Sufficient Evidence Of An Arbitration Agreement

Petitioners have not carried their evidentiary burden to show that each of them has a valid arbitration agreement with Samsung. (*See* MTD Opp. at 13-15.) The legal authorities on which Petitioners rely confirm that "'[a] district court must promptly compel arbitration *once it is satisfied that the parties agreed to arbitrate*.'" (MTD Opp. at 13 (quoting *Tinder v. Pinkerton Sec.*, 305 F.3d 728, 735 (7th Cir. 2002) (emphasis added).) That showing has not been made here.

*First*, it is self-evident that no such showing has been made for the 149 remaining Petitioners who declined to submit any declaration and thus refused to offer any evidence that they entered into an arbitration agreement with SEA. The Petition must be dismissed as to them.

*Second*, as to the other 658 remaining Petitioners, Petitioners' Counsel have submitted declarations which, they assert, "evidence[] their assent to Samsung's arbitration agreement."

(Klinger Decl. ¶ 5.)  But these declarations fall far short of the evidentiary showing that is required here:

(i)   The declarations do not contain any information specific to a Petitioner that was not already included in Exhibit A to the Petition.  With *de minimis* exceptions, they are also word-for-word identical except for the Petitioner's name and the location where each Petitioner states the smartphone was used (almost without exception, the city and state listed as the Petitioner's residence on Exhibit A to the Petition).[10]

(ii)  The declarations do not provide fundamental information that should be immediately available to each and every Petitioner who actually has purchased a Samsung smartphone: When did each Petitioner acquire that smartphone?  Which model?[11] What is the phone's Samsung serial number or IMEI number?  Petitioners with no claim against Samsung because they did not purchase a Samsung smartphone could not answer those questions.  Presumably that's why Petitioners' Counsel did not ask.

(iii) The declarations are replete with other deficiencies.  There are 12 duplicates,[12] 11 declarations are unsigned or have dots or lines in place of a signature,[13] and three declarations confuse the declarant's name and their location (*see, e.g.*, Klinger Decl., Ex. X, at PDF p. 53 ¶ 5 (declaration of Amanda Hamilton, stating that "[w]ithin the preceding five years, I regularly used my Smartphone while physically present in the City of Amanda Hamilton, Illinois.").)[14]

(iv)  Bizarrely (and further highlighting their lack of diligence), Petitioners' Counsel have also filed three declarations on behalf of individuals who are not even Petitioners here and for whom they did not file demands for arbitration against SEA.  One of these

---

[10]   For example, Petitioner Adam Theobald was identified in Exhibit A as residing in the "City" of "Batavia" in the "State" of "IL."  (Pet., Ex. A, at 22.)  The declaration submitted on his behalf just repackages this same location information: "Within the preceding five years, I regularly used my Smartphone while physically present in Batavia, Illinois."  (Klinger Decl., Ex. X at PDF p. 26.)  Only nine declarations list a city different than that listed in Exhibit A to the Petition or the amended list of Petitioners contained in Exhibit W to Mr. Klinger's Declaration (*id.* at PDF pp. 65, 105, 191, 299, 359, 450, 451, 544, 548, 556, 567).

[11]   The declarants only state that they have "used a Samsung Galaxy smartphone model S8 or higher," except for four which refer to "a Samsung Galaxy smartphone ('Smartphone') model S7 or higher."  (Klinger Decl., Ex. X at PDF pp. 22, 577, 624, 646.)

[12]   *See* Klinger Decl., Ex. X at PDF pp. 29 and 30, 130 and 136, 149 and 151, 223 and 224, 244 and 245, 304 and 305, 312 and 313, 387 and 388, 450 and 451, 471 and 472, 572 and 573, 615 and 616.

[13]   *See id.* at PDF pp. 18, 63, 85, 88, 126, 136, 151, 240, 344, 443, 444.

[14]   *See also id.* at PDF pp. 431, 472.

three individuals is also a *Wallrich* petitioner.[15]  Those declarations serve no purpose here and should be stricken.

Courts considering such mechanically generated declarations have held that "[t]he boilerplate nature of the declarations undermines their credibility." *Citizens for Quality Educ. San Diego v. Barrera*, 333 F. Supp. 3d 1003, 1042 n.28 (S.D. Cal. 2018); *accord Orantes-Hernandez v. Gonzales*, 504 F. Supp. 2d 825, 847-48 (C.D. Cal. 2007) (finding a set of declarations not "entirely credible" because "[m]ost of these declarations are written in nearly identical boilerplate language").  Critically, there are no particularized facts in these declarations that could suggest the existence of an arbitration agreement between these Petitioners and Samsung, and such facts are required here.  For example, as a federal court held in *Abernathy v. DoorDash, Inc.*, No. 3:19-cv-07545-WHA, 2019 WL 13402416 (N.D. Cal. Nov. 26, 2019):

> Before the Court can grant injunctive relief compelling arbitration as to any petitioner, there must be a sworn declaration from that petitioner at least setting forth his or her name and the identifying information he or she used to register [and] the approximate dates of service, and at least referencing in an ascertainable way the specific arbitration agreement he or she clicked through.

*Id.* at *1; *accord Gilbert v. I.C. Sys., Inc.*, No. 19-cv-04988, 2021 WL 292852, at *7 (N.D. Ill. Jan. 28, 2021) (insufficient evidence where movant's declaration was "devoid of any facts regarding how or when [the opposing party] received the Terms and Conditions"); *see also Johnson v. Uber Techs., Inc.*, No. 16-cv-5468, 2017 WL 1155384, at *2 (N.D. Ill. Mar. 13, 2017) (insufficient evidence where movant's declaration failed to establish the process required to assent to an arbitration agreement).  No such "identifying information" has been provided here—no date of purchase, no phone model, and no serial or IMEI number.

When the court in *DoorDash* was ultimately provided with declarations, it declined to

---

[15]  *See id*. at PDF pp. 127, 155, 232.  Audrey Bryant (*see id.* at PDF p. 127), while not a Petitioner here, *is* a petitioner in *Wallrich*.  *See Wallrich* at ECF No. 1, Pet. Ex. A at PDF p. 480.

compel arbitration as to petitioners who had "submitted mere 'witness statements' in which they stated, among other things, their residential address, the amount of time they ha[d] worked for DoorDash, and that they did not recall opting out of arbitration." *Abernathy v. DoorDash, Inc.*, 438 F. Supp. 3d 1062, 1065 (N.D. Cal. 2020) (cited in MTCA at 13-14). The declarations provided here fall far short of that level of detail. They fall even further short of the declarations deemed sufficient to compel arbitration in that same case, where the declarations indicated each declarant's address and email address and indicated when each declarant had made his or her first and last deliveries for the DoorDash delivery service. *Id.*; *see also In re Evanston Nw. Corp. Antitrust Litig.*, No. 07-cv-04446, 2015 WL 13735423, at *3 (N.D. Ill. Sept. 4, 2015) (declining to compel arbitration as to entities for which the movant had "fail[ed] to offer needed information," including an explanation as to how the entities were bound to the contract at issue).

Petitioners' other contentions on this issue are likewise without merit:

(i)      Petitioners argue that Samsung cannot contend on a motion to dismiss that Petitioners have failed to establish that each of them has a valid arbitration agreement with Samsung. (MTD Opp. at 11-13.) Samsung properly made this argument in its motion to dismiss because it is seeking dismissal on the grounds that Petitioners have failed to sufficiently plead facts showing that an arbitration agreement exists between each Petitioner and Samsung.[16] Not only does the Petition fail to plead facts specific to any Petitioner, but Petitioners' Counsel have now withdrawn the Petition for *hundreds* of the original Petitioners, failed to obtain declarations from

---

[16]      *See Franlogic Scout Dev., LLC v. Scott Holdings, Inc.*, No. CV 16-5042, 2017 WL 2982396, at *4-5 (E.D. Pa. July 12, 2017) (granting motion to dismiss petition and stating that "[b]efore compelling arbitration, a court must determine: (1) whether a valid agreement to arbitrate exists, and (2) whether the particular dispute falls within the scope of that agreement"); *Acheron Portfolio Tr. v. Mukamal as Tr. of Mut. Benefits Keep Pol'y Tr.*, No. 20-CV-25025, 2021 WL 2079734, at *8, 11 (S.D. Fla. Apr. 6, 2021), *report and recommendation adopted*, No. 1:20-CV-25025, 2021 WL 2072428 (S.D. Fla. May 24, 2021).

many of the remainder, and provided facially deficient declarations from the rest. While the Court can "accept[] as true all *well-pleaded facts alleged*" (MTD Opp. at 12 (emphasis added)), it is now clear that the allegations that *each* Petitioner in this action entered into an arbitration agreement with Samsung were not "well-pleaded" and cannot be credited on their face.

(ii)     That Samsung has submitted highly detailed declarations in support of arbitration in other cases involving other parties (MTD Opp. at 14) plainly does not serve as "evidence" that each of *these* Petitioners entered into an arbitration agreement with Samsung. Here, Petitioners have failed to provide the "identifying information" that Samsung has provided in other cases.

(iii)     Petitioners' speculation that "Samsung already knows the identity of everyone who purchased one of its phones" (MTD Opp. at 16) is both unsupported by any competent evidence and false. Most Samsung smartphones are sold through wireless carriers (*e.g.*, Verizon), retailers (*e.g.*, Best Buy), and their respective agents, not by Samsung itself, and Samsung is not provided with the identity of all those purchasers. (Petitioners make the same factually false assumption as a premise for the BIPA claims that they propose to assert in arbitration: Petitioners assert that Samsung somehow must have access to photographic analysis that is conducted on each of their individual smartphones, but that is not correct, and Samsung has provided Petitioners' Counsel with unrebutted evidence that it does not.[17])

(iv)     Petitioners contend that in the event that this Petition is not dismissed, no discovery is required as to whether each Petitioner agreed to arbitrate because "Samsung has presented no evidence that creates any issue of material fact as to whether Petitioners are purchasers of Samsung

---

[17]     Petitioners also assert that they have engaged an "expert" who has explained that "Samsung's smart phones do exactly what the BIPA prohibits." (MTD Opp. at 3 n.1.) This expert and his or her putative findings have not been disclosed to Samsung or the Court. Petitioners' Counsel have previously engaged BIPA experts that ultimately acknowledged they could not confirm counsel's flawed theory of liability under BIPA. (*See* MTCA Opp. at 8.)

smart phones." (MTD Opp. at 16.) But it is *Petitioners'* burden to demonstrate that each of them entered into an arbitration agreement with Samsung, and they have failed to do so. It is well settled that "[t]he party seeking to compel arbitration has the burden of establishing an agreement to arbitrate." *Gilbert*, 2021 WL 292852, at *2.

### 4.  The Petition Violates The Arbitration Agreement's Collective Action Waiver

This single Petition brought collectively on behalf of 1,028 Petitioners violates the Arbitration Agreement's collective action waiver. (MTD at 12-14.) Petitioners seek to excuse their violation of that provision, asserting that if they are not bound by the Arbitration Agreement then they also cannot be bound by its collective action waiver. (MTD Opp. at 4-5; *see also id.* at 14-15.) But Petitioners have it backwards: if Petitioners *are* entitled to bring a collective action because they are not parties to the Arbitration Agreement containing the collective action waiver provision, they obviously *cannot* compel Samsung to arbitrate under that Arbitration Agreement.

Petitioners further contend that while the dispute they seek to arbitrate falls within the Arbitration Agreement's definition of "DISPUTE," and is thus subject to arbitration, this Petition raises a different dispute not included within the Agreement's definition of "DISPUTE" and thus the Arbitration Agreement's collective action waiver provision does not apply. (MTD Opp. at 5-6.) They are wrong. The collective action waiver provision applies to "ALL DISPUTES . . . RELATING IN ANY WAY TO OR ARISING IN ANY WAY FROM . . . THE SALE, CONDITION OR PERFORMANCE OF THE PRODUCT" (*see* MTD Opp. at 5), and the dispute presented by this Petition (to the extent it is not entirely fictitious) clearly would not have occurred but for the "SALE" and/or "PERFORMANCE" of the Samsung smartphone. Courts routinely recognize the broad nature of this language. *See, e.g.*, *USA Gymnastics v. Liberty Ins. Underwriters, Inc.*, 27 F.4th 499, 522 (7th Cir. 2022) ("The plain meaning of 'based upon, arising from, or in any way related to' includes nearly any type of connection . . . That includes a wide

array of logical connections.").[18]  Here, Petitioners seek to compel Samsung to arbitrate claims that rest on the alleged performance of the device itself.  This close connection of the Petition to the performance of the device is more than sufficient to fall within the ambit of both the Arbitration Agreement and the collective action waiver provision.

Petitioners also incorrectly assert that the question of whether the Petition violates the Arbitration Agreement's collective action waiver has been delegated to the arbitrator.  (MTD Opp. at 7-8.)  But the question of whether a collective action waiver bars a party from proceeding with a *judicial* action is for this Court to decide.  This is not an "arbitrability question" like that raised in the authorities cited by Petitioners (MTD Opp. at 7): Petitioners have filed a Petition before this Court and this Court must decide whether that Petition is properly before it.

Petitioners' citations to two *Postmates* cases likewise miss the mark.  Those cases held that it was for the arbitrator to decide whether by filing mass identical *demands for arbitration with the AAA*, petitioners were "attempting to proceed with the arbitration on . . . a defacto classwide or class action basis in violation of the Class Action Waiver." *Adams v. Postmates, Inc.*, 414 F. Supp. 3d 1246, 1252 (N.D. Cal. 2019); *see also Postmates Inc. v. 10,356 Individuals*, No. 20-cv-2783 PSG, 2021 WL 540155 at *6 (C.D. Cal. Jan. 19, 2021).  But, here, the question is whether the Petition filed with the Court—not the demands for arbitration filed with the AAA—violates the

---

[18]  *Accord  RLI Ins. Co. v. Conseco, Inc.*, 543 F.3d 384, 391 (7th Cir. 2008) (release of claims "based on, arising out of, or in any way related to" claims brought in a prior action "is broad," and noting that " 'related' has a common understanding and meaning and 'covers a very broad range of connections'") (quoting *Gregory v. Home Ins. Co.*, 876 F.2d 602, 606 (7th Cir. 1989)); *Twin City Fire Ins. Co. v. Vonachen Servs.*, Inc., 567 F. Supp. 3d 979, 1001 (C.D. Ill.  2021) (expression "'in any way related to any actual or alleged' is incredibly broad, suggesting only a minimal connection is necessary") (citation omitted).

New York law, which governs the Arbitration Agreement, takes a similarly broad view of the language: "[T]here are fewer, if any, more broadening clauses than 'in any way' or words like 'relating.'" *People v. Esposito*, 144 Misc. 2d 919, 931 (Sup. Ct. 1989), *aff'd*, 160 A.D.2d 378 (1990) (citation omitted).

collective action waiver provision. That is an issue for this Court to decide.[19]

## 5. The Petition Should Be Dismissed For The Additional Reasons Set Forth In Samsung's Opposition To The MTCA

The Petition should also be dismissed for the reasons set forth in the MTCA Opposition:

(i) *SEA did not refuse to arbitrate.* The AAA closed the arbitrations when the parties agreed to mediate and advised Petitioners that they could re-file their demands for arbitration if mediation was not successful. They have not done so. There is therefore no basis for Petitioners to compel arbitration against SEA under Section 4 of the FAA.

(ii) *The AAA has the sole discretion to administer arbitrations under its rules.* This Court does not have the authority to overrule the AAA's application of its own Rules in closing the arbitrations. (MTCA Opp. at 31-32.) *See also Greco v. Uber Techs., Inc.*, No. 4:20-cv-02698-YGR, 2020 WL 5628966, at *3-4 (N.D. Cal. Sept. 3, 2020) ("declin[ing]" request "to overturn the AAA rules and force the case back to arbitration," noting that "[t]he AAA is in a far better position to know its own rules and to exercise discretion according to those rules"). Petitioners did not even address this argument.

(iii) *The FAA does not empower courts to order a party to pay arbitral fees.* While the arbitrations are closed and no fees are owing, the Court respectfully does not have the authority to order the payment of arbitration fees. (MTCA Opp. at 27-31.) The authorities cited by Petitioners in response are inapposite. (MTCA Reply at 13-15.) They again cite *Allemeier* and *Tillman*,

---

[19] Several individuals who are Petitioners here recently contended in another action in which they are defendants that they could not be sued *en masse* because that violated a collective action provision of their arbitration agreement with plaintiff. *See Epson v. Adams*, Case No. 30-2023-01313431 (Cal. Sup. Ct. Cal., Mar. 10, 2023), Memorandum Of Points and Authorities In Support Of Defendants' Motion For Class Certification, at 15-16 (Cal. Sup. Ct. June 7, 2023). Those Petitioners are represented in that action by Labaton, petitioners' counsel in *Wallrich* (and there is also significant overlap between the *Epson* defendants and *Wallrich* petitioners).

ignoring that those cases are readily distinguishable. (MTCA Opp. at 31.) They also cite the wholly inapposite case of *Brandifino v. CryptoMetrics, Inc.*, 27 Misc. 3d 513, 522 (N.Y. Sup. Ct. 2010), where the court conditionally granted a petition to *stay* arbitration against a respondent that had failed to pay arbitration fees unless the respondent paid within 20 days. Petitioners cite two Ninth Circuit cases which held, respectively, that a party cannot compel arbitration if it refuses to pay arbitration fees, *see United Comput. Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 765 (9th Cir. 2002), and that a party waives its right to arbitrate a particular dispute if it refuses to pay fees, *see Brown v. Dillard's, Inc.*, 430 F.3d 1004, 1010 (9th Cir. 2005). Neither set of facts is applicable here.

(iv)     *Petitioners have adequate remedies at law.* Petitioners are not entitled to equitable relief because they have adequate remedies at law: under the AAA rules, they could advance the fees or waive their right to arbitrate and proceed in court. (MTCA Opp. at 32-33.) Petitioners assert that that cost would be "disproportionate" (MTCA Reply at 17) but do not deny that advancement of fees is available to them.[20] They ignore entirely their option to proceed in court.

(v)     *Judicial estoppel is inapplicable.* Petitioners erroneously assert that Samsung has argued "against enforceability" of the Arbitration Agreement here. (MTCA Reply at 18.) Not so. Samsung has not contradicted positions it has taken in any other cases, nor has it refused to arbitrate or argued that the Arbitration Agreement is unenforceable. (MTCA Opp. at 33-34.)

## **CONCLUSION**

For all of the foregoing reasons, the Petition should be dismissed with prejudice.

---

[20]   It was Petitioners' Counsel—rather than Petitioners—that paid Petitioners' initial filing fees (since refunded by the AAA). The publicly available copy of the legal services agreement that Petitioners' Counsel have used in this action also indicates that Petitioners' Counsel have committed to pay all legal fees and costs on behalf of Petitioners. (MTCA Opp., Ex. 19 § 6.)

Dated: August 28, 2023

Respectfully submitted,

/s/ *Randall W. Edwards*

Mark Howard Boyle
DONOHUE BROWN MATHEWSON &
   SMYTH LLC
131 South Dearborn Street, Suite 1600
Chicago, Illinois 60603
Telephone: (312) 422-0900

Randall W. Edwards
Matthew D. Powers (*pro hac vice*)
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
Telephone: (415) 984-8700

James L. Kopecky
KOPECKY SCHUMACHER
   ROSENBURG LLC
120 North LaSalle Street, Suite 2000
Chicago, Illinois 60601
Telephone: (312) 380-6552

Michael W. McTigue Jr.
Meredith C. Slawe
Kurt Wm. Hemr
Colm P. McInerney (*pro hac vice*)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001-8602
Telephone: (212) 735-3000

*Attorneys for Respondents*
*Samsung Electronics America, Inc. and*
*Samsung Electronics Co., Ltd.*

16