UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MELANIE HOEG, ANGELA DAVIS, MELINDA GARCIA, and 1,025 OTHER INDIVIDUALS[1], <br><br> Petitioners, <br><br> vs. <br><br> SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG ELECTRONICS CO., LTD. (d/b/a Samsung Electronics America, Inc.), <br><br> Respondents. | Civil Action No. 1:23-cv-01951 |

**PETITIONERS' RESPONSE IN OPPOSITION TO MOTION TO STAY**

---

[1] A list containing the full names and locations of each of the 807 remaining Individual Petitioners is attached to the Declaration of Gary Klinger as Exhibit W. ECF 43.

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................ 1

ARGUMENT ................................................................................................................................ 2

I. LEGAL STANDARD ........................................................................................................ 2

II. SUMMARY DENIAL IS APPROPRIATE FOR SAMSUNG'S LEGALLY INFIRM MOTION .......................................................................................................................... 3

III. THE MOTION ALSO FAILS ON THE MERITS ........................................................... 4

    A. Samsung Has No Likelihood of Success on the Merits ...................................... 4

    B. There Is No Risk of Irreparable Injury ............................................................... 6

    C. The Remaining Factors Weigh Against a Stay ................................................... 6

CONCLUSION ............................................................................................................................. 7

## **INTRODUCTION**

Respondents Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd.'s ("Samsung") Motion for Stay of Proceedings ("Motion") all but spells out what has now become painfully obvious: Samsung has no intention of *ever* arbitrating Petitioners' claims, and will do *anything* to delay proceeding forward to their merit.

By way of background, Petitioners initially approached Samsung to arbitrate their claims more than 18 months ago. Samsung wasted months pretending like they would move forward with arbitration, only to refuse to pay the required fees, resulting in the arbitrations being administratively terminated by the arbitral forum. When Petitioners threatened to file a petition to compel arbitration in this Court, Samsung asked Petitioners to hold off, and promised to arbitrate if the parties would first mediate their claims. After several more months wasted, and a mediation that can be most charitably characterized as torching Petitioners' money and time, Samsung still refused to arbitrate, reneging on its promise, and forcing Petitioners to file their Petition to Compel Arbitration ("Petition") (ECF 1), along with a Motion to Compel Arbitration ("Motion to Compel") (ECF 25). The Petition and Motion to Compel have been ripe for adjudication since August, 2023.

Many more months later, after receiving a wholly unfavorable ruling in the related action, *Wallrich v. Samsung Elecs. Am., Inc.*, No. 1:22-cv-05506 (N.D. Ill.), a case with even less favorable facts than the instant case, Samsung filed a baseless appeal of this Court's ruling in *Wallrich*, hired new appellate counsel, and cobbled together a litany of oft-used, business-friendly amici to file briefs in Samsung's favor with the Seventh Circuit. Not to be outdone, Samsung now moves to stay these proceedings while their meritless appeal slowly works its way through the appeals system. The Motion unsurprisingly fails to address any of the necessary factors and

contains no factual or legal support, because there is none. The Court should see through Samsung's transparent attempt to delay these proceedings, and deny their Motion.

## ARGUMENT

### I. LEGAL STANDARD

Petitioners provide the legal standard, since Samsung's Motion does not.

The "legal principles [governing a motion to stay] have been distilled into consideration of four factors: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *see also Camelot Banquet Rooms, Inc. v. United States Small Bus. Admin.*, 14 F.4th 624, 628 (7th Cir. 2021) ("A party seeking a stay must show a likelihood of success on the merits and a threat of irreparable harm absent a stay. If those criteria are satisfied, [the court] must consider the balance of harms, primarily in terms of the balance of risks of irreparable harm in case of a judicial error, and . . . must consider the public interest, which refers primarily to the interests of those who are not parties to the suit.").[2]

"The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken*, 556 U.S. at 433-34 (citing *Clinton v. Jones*, 520 U.S. 681, 708 (1997); *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). "A stay is not a matter of right, even if irreparable injury might otherwise result." *Id.* at 433 (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)).

---

[2] Unless otherwise noted, all emphasis is added and citations are omitted.

## II. SUMMARY DENIAL IS APPROPRIATE FOR SAMSUNG'S LEGALLY INFIRM MOTION

As a threshold matter, Samsung's bare bones Motion is legally insufficient, and should be summarily denied. *See Koutcher v. Gonzales*, 494 F.3d 1133, 1134 (7th Cir. 2007) ("The one-page motion does nothing more than make a general request for a stay. It fails to set forth any information in support of the criteria that a petitioner seeking a stay . . . must demonstrate."); *see also United States v. Joiner*, 988 F.3d 993, 996 (7th Cir. 2021) (holding that the district court need not consider arguments the defendant did not develop or support with factual foundation). After all, "[as the Seventh Circuit has] repeated time and again, Judges are not like pigs, hunting for truffles buried in the record." *Gross v. Town of Cicero, Ill.*, 619 F.3d 697, 702 (7th Cir. 2010) (cleaned up).

As mentioned before, "[t]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken*, 556 U.S. at 433-34. To meet its burden, discussion and analysis of the four factors is required because "[t]he fact that the issuance of a stay is left to the court's discretion does not mean that no legal standard governs that discretion . . . . A motion to a court's discretion is a motion, not to its inclination, but to its judgment; and its judgment is to be **guided by sound legal principles**." *Id.* at 434 (cleaned up); *see also Koutcher*, 494 F.3d at 1134-35 ("The motion does not demonstrate: (1) a likelihood of success on the merits; (2) irreparable harm if a stay is not granted; (3) that the potential harm to the petitioner outweighs the harm to the Government; and (4) that the granting of the stay would serve the public interest.").

Samsung does nothing to meet its burden, and for that reason, the Motion should be denied. *See Koutcher*, 494 F.3d at 1135 ("A bare bones motion for stay such as the one presented here is not a rare occurrence. It is, however, a very unhelpful submission both from the viewpoint of the court and the viewpoint of the petitioner."). Any belated attempt to meet the required test in its

Petitioners' Response in Opposition
to Motion to Stay                              3

reply would be plainly inappropriate. *See Kelso v. Bayer Corp.*, 398 F.3d 640, 643 (7th Cir. 2005) (finding waiver where movant "failed to raise the issue of a design defect until his reply brief, and even then he failed to cite any legal support or develop any legal argument in support of his position.").

### III. THE MOTION ALSO FAILS ON THE MERITS

Even if the Court were to excuse Samsung's failure to articulate any cognizable legal or factual basis in support of its Motion and *sua sponte* engage in a judicial search-and-rescue mission to ascertain law and facts in support of a stay, such a search would reveal that the law and facts weigh against staying this case.

#### A. Samsung Has No Likelihood of Success on the Merits

With respect to the first consideration, the likelihood of success on the merits, *see Camelot*, 14 F.4th at 628, there are several independently sufficient reasons why Samsung's appeal in *Wallrich* is destined to fail, and, thus, no likelihood of success on the merits exists.

First, the Court's Order granting the motion to compel arbitration in *Wallrich* (ECF 51) is not appealable, and the appellate court lacks jurisdiction to hear Samsung's appeal. *See* 9 U.S.C. §16(b) ("Except as otherwise provided in section 1292(b) of title 28, an appeal **may not be taken** from an interlocutory order -- (1) granting a stay of any action under section 3 of this title; (2) directing arbitration to proceed under section 4 of this title; (3) compelling arbitration under section 206 of this title; or (4) refusing to enjoin an arbitration that is subject to this title."); *see also Moglia v. Pac. Emps. Ins. Co.*, 547 F.3d 835, 837 (7th Cir. 2008) ("A pro-arbitration decision, coupled with a stay (rather than a dismissal) of the suit, is not appealable.") (citing *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 87 (2000)). As such, the likelihood of success on the merits of an un-appealable appeal in which the appeals court lacks jurisdiction is, to put it kindly, low.

Second, even if appellate jurisdiction existed, Samsung's appeal in *Wallrich* would be unlikely to succeed. Samsung argues in the *Wallrich* appeal that the Court's finding that petitioners met their burden to show the existence of an arbitration agreement lacked sufficient evidentiary support. Putting aside that Petitioners in ***this*** case ***did*** provide evidentiary support to support their Motion, *see* ECF 25 at 9-11, the Court's Order in *Wallrich* clearly provides substantial evidentiary support for its decision, Samsung failed to challenge ***any*** individual petitioner in *Wallrich* on this subject, and it was undisputed that the arbitral forum accepted administration of those petitioners' claims, thus evidencing the existence of an agreement to arbitrate.

Third, Samsung is unlikely to succeed on its argument that this Court overstepped its bounds in *Wallrich* by requiring Samsung to pay its contractually obligated share of the arbitration fees. There, this Court correctly found the question of whether Samsung must pay its fees is inherently substantive, because it goes to the question of "whether the parties can exercise their right to arbitrate at all." *Wallrich*, ECF 51 at 34. Samsung's own conduct has prevented the result Samsung asserts should have occurred, and it is unlikely to convince the Seventh Circuit that this is a basis for reversal.

Fourth, Samsung's argument in the *Wallrich* appeal that the petition violated the class action waiver, and that it should have delegated such an issue to the arbitrator, is unlikely to succeed. Samsung cannot explain how an arbitrator would ever be appointed to decide that issue were it to continue refusing to pay any arbitration fees, and it did not ask for the relief it now says the Court should have granted (*i.e.*, to have the issue decided by an arbitrator). Instead, it expressly invited this Court to consider the merits of the collective action waiver and dismiss the petition due to alleged violation thereof. As such, there is little chance of such an argument succeeding.

### B. There Is No Risk of Irreparable Injury

With respect to the second prong, there is no risk of irreparable injury to Samsung absent a stay because the only matters currently pending in this Court are the fully briefed Motion to Dismiss the Petition to Compel Arbitration (ECF 39) and fully briefed Motion to Compel. If those bear out in Samsung's favor, that would, of course, be to Samsung's benefit, which is not an irreparable injury. If those bear out in favor of Petitioners like they did in *Wallrich*, the requirement that it continue forward with litigation and/or arbitration, including the payment of the required fees to do so, likewise would not result in irreparable injury, since "the expense of litigation is not irreparable injury." *Sherwood v. Marquette Transp. Co.*, 587 F.3d 841, 844 (7th Cir. 2009) (cleaned up).

Petitioners, on the other hand, would suffer irreparable injury in the form of continued delay of the adjudication of their claims on the merits. It has been over 18 months since Petitioners began speaking with Samsung about resolution of this matter, and a stay of indefinite length, just to wait for an order from the court of appeals that may or may not even bear upon the issues in this case, would only serve Samsung's goals of indefinitely delaying justice, as discussed below.

### C. The Remaining Factors Weigh Against a Stay

As set forth above, because Samsung cannot show a likelihood of success or irreparable injury, this Court need not consider a balancing of the harms or the public interest. *See Camelot*, 14 F. 4th at 628. To the extent it does so, however, such a balance must overwhelmingly favor Samsung to move the needle – "[t]his assessment is made on a sliding scale: The more likely the plaintiff is to win, the less heavily need the balance of harms weigh in his favor; the less likely he is to win, the more need it weigh in his favor." *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1068 (7th Cir. 2018) (cleaned up). Here, because Samsung is extremely unlikely to prevail on the merits of its appeal, Samsung's burden is extremely high.

Petitioners' Response in Opposition
to Motion to Stay 6

Samsung cannot meet this burden because the balance of harms tips decidedly in favor of Petitioners. If a stay is granted, Petitioners will be faced with substantial further delay before they can even begin arbitrations of the merits of their claims while Samsung pursues its frivolous appeal in *Wallrich*. By contrast, the only "harm" Samsung will suffer is waiting for this Court to issue orders on the currently pending motions, and potentially being compelled to fulfill its own obligations in a contract it wrote and imposed upon its customers. However, as mentioned before, the cost of litigation or of presenting arguments to an arbitrator is not irreparable injury, *Sherwood*, 587 F.3d at 844, but "justice delayed is justice denied[,]" *Hinkle v. Henderson*, 135 F.3d 521, 523 (7th Cir. 1998) (disapproving "unnecessarily protracted court proceedings").

The public interest similarly favors Petitioners. Public policy favors enforcement of arbitration agreements, and to that end, the Federal Rules of Civil Procedure favor the "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Petitioners are at a loss as to how Samsung believes a stay of an order enforcing such an agreement furthers that interest.

Regardless, the general public has an interest in discouraging defendants like Samsung from utilizing superior resources and dilatory tactics to avoid adjudicating the merits of claims they willingly forced into arbitration through contracts of adhesion by failing to pay contracted-for fees the moment it becomes inconvenient or unpleasant to do so. *See, e.g.*, *Abernathy v. Doordash, Inc.*, 438 F. Supp. 3d 1062, 1068 (N.D. Cal. 2020) (noting "hypocrisy" of Doordash refusing to pay the fees associated with an arbitration clause it drafted). Thus, the public interest weighs heavily against imposition of a stay.

## CONCLUSION

Petitioners respectfully submit that the Court should reject Samsung's abusive tactics, deny the Motion, and compel Samsung to arbitration. As stated in Petitioners' Motion to Compel

Arbitration, if the judiciary does not police multi-billion-dollar companies from abusing mandatory arbitration agreements (and now the federal courts), nobody will.

| | |
|---|---|
| DATED: December 1, 2023 | ROBBINS GELLER RUDMAN <br>  & DOWD LLP <br>STUART A. DAVIDSON <br>MARK DEARMAN <br>LINDSEY H. TAYLOR <br>ALEXANDER C. COHEN (*pro hac vice*) <br><br>    *s/ Alexander C. Cohen* <br>    ALEXANDER C. COHEN <br>225 NE Mizner Boulevard, Suite 720 <br>Boca Raton, FL 33432 <br>Telephone: 561/750-3000 <br>sdavidson@rgrdlaw.com <br>mdearman@rgrdlaw.com <br>ltaylor@rgrdlaw.com <br>acohen@rgrdlaw.com <br><br>MILBERG COLEMAN BRYSON <br>  PHILLIPS GROSSMAN, PLLC <br>GARY M. KLINGER <br>227 West Monroe Street, Suite 2100 <br>Chicago, IL 60606 <br>Telephone: 866/252-0878 <br>gklinger@milberg.com <br><br>MILBERG COLEMAN BRYSON <br>  PHILLIPS GROSSMAN, PLLC <br>JONATHAN B. COHEN (*pro hac vice*) <br>3833 Central Avenue <br>St. Petersburg, FL 33713 <br>Telephone: 813/699-4056 <br>jcohen@milberg.com <br><br>Attorneys for Petitioners |