IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---

**MELANIE HOEG, ANGELA DAVIS, MELINDA GARCIA, and 1,025 other individuals**,

*Petitioners*,

- against -

**SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG ELECTRONICS CO., LTD**. (d/b/a Samsung Electronics America, Inc.),

*Respondents*.

---

Civil Action No: 1:23-cv-1951

Hon. Harry D. Leinenweber

**RESPONDENTS' REPLY MEMORANDUM IN FURTHER
SUPPORT OF THEIR MOTION FOR STAY OF PROCEEDINGS**

Respondents Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd. briefly reply to Petitioners' Response (ECF No. 50) to their Motion To Stay (ECF No. 48) as follows:

Petitioners confuse (i) the standard for stay of a court's injunction or judgment pending appeal—which is *not* at issue on this Motion—with (ii) the standard for a district court's exercise of discretion to hold its own proceedings in abeyance pending developments in another action:

(i) Courts apply the ***Nken*** (or *Nken/Hilton*) standard when a party seeks to stay an injunction or judgment pending appeal. That standard is set out in the Supreme Court's decisions in *Nken v. Holder*, 556 U.S. 418, 422 (2009) and *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). This Motion does not implicate that standard.

(ii) The highly flexible standard that a district court applies when it considers holding proceedings on its own docket in abeyance pending developments in another action

is called the ***Landis*** standard, and is set out in *Landis v. North American Co.,* 299 U.S. 248, 254-55 (1936). *Landis* is the standard that governs this Motion. *See, e.g.*, *Flores v. Bennett*, No. 1:22-cv-01003-JLT-HBK, 2023 WL 3751998, at *2-3 (E.D. Cal. June 1, 2023) (district court declines to stay its preliminary injunction under *Nken*, but halts further proceedings in the district court pending appeal of the injunction under *Landis*, noting that *Nken* and *Landis* are "separate standards").

This Court is very familiar with Justice Cardozo's classic articulation of the *Landis* standard:

> [T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

299 U.S. at 254-55. In the exercise of its own good discretion, this Court has applied *Landis* to hold its own proceedings in abeyance on several occasions, including in anticipation of Supreme Court and Seventh Circuit decisions in other cases likely to bear on the proceedings before this Court. Minute Entry, *Perrong v. AllState Corp.*, No. 20-cv-01506 (N.D. Ill. Mar. 8, 2021), ECF No. 31 (staying action pending decision by Supreme Court); Transcript of Bench Order at 7:13-16, *Carver v. Presence Health Network*, No. 15 CV 02905 (N.D. Ill. July 7, 2015), ECF No. 34 (staying action pending decision by Seventh Circuit: "[p]ursuant to *Landis*, a stay is appropriate where the resolution of a pending matter may not settle every question of fact and law but, in all likelihood, it will settle many and simplify all").[1]

---

[1] *See also Fellowes, Inc. v. Acco Brands Corp.*, No. 10 CV 7587, 2019 WL 1762910 (N.D. Ill. Apr. 22, 2019) (patent action stayed pending U.S. Patent and Trademark Office proceedings, citing *Landis*); *In re RC2 Corp. Toy Lead Paint Prod. Liab. Litig.*, No. 07 C 7184, 2008 WL 548772, at *5 (N.D. Ill. Feb. 20, 2008), *as amended* (Feb. 28, 2008) (staying MDL pending approval of settlement in related action, citing *Landis*); *Whelen Techs., Inc. v. Mill Specialties,*

Petitioners' Response utterly fails to distinguish between the *Nken* and *Landis* standards and incorrectly treats them as interchangeable. (*See* Response at 2.) Consequently, their Response erroneously focuses on application of the *Nken* standard and case law applying *Nken*, particularly its "likelihood of success on the merits" and "irreparable harm" factors, 556 U.S. at 434-35.[2] That analysis is not necessary or pertinent under *Landis* or on this Motion, and Petitioners are wrong to fault Respondents for not burdening the Court with it. (*See* Response at 3.) Accordingly, while Respondents certainly do not agree with Petitioners' faulty analysis of those factors—an analysis that the Seventh Circuit implicitly rejected when it granted a stay in the *Wallrich* Appeal— Respondents will not waste the Court's time here with point-by-point responses.

It continues to be eminently sensible under *Landis* to hold proceedings in this action in abeyance. The Seventh Circuit has expedited the *Wallrich* Appeal, directing that the briefing be completed by December 22, 2023 and scheduling oral argument for February 15, 2024. It has also stayed this Court's September 12, 2023 Order in *Wallrich* for the duration of that appeal. Order, *Wallrich v. Samsung Elecs. Am.,* No. 23-2842 (7th Cir. Nov. 8, 2023), ECF No. 29; Notice of Oral Argument, *Wallrich v. Samsung Elecs. Am.,* No. 23-2842 (7th Cir. Nov. 13, 2023), ECF No. 31. The Seventh Circuit's resolution of *Wallrich* is likely to make this Court's disposition of this action more efficient and expeditious for the Court and the parties: as this Court recognized in

---

*Inc.*, 741 F. Supp. 715 (N.D. Ill. 1990) (staying patent action against purchaser of allegedly infringing product in favor of action against manufacturer, citing *Landis*).

[2] *E.g.*, Response at 2 (citing *Nken*); *Camelot Banquet Rooms, Inc. v. U.S. Small Bus. Admin.*, 14 F.4th 624, 628 (7th Cir. 2021) (cited at Response at 2) (applying *Nken* to request for stay of injunction pending appeal); *Koutcher v. Gonzales*, 494 F.3d 1133, 1134-35 (7th Cir. 2007) (cited in Response at 3) (applying *Nken*/*Hilton* factors to stay of removal pending appeal). *Courthouse News Service v. Brown*, 908 F.3d 1063 (7th Cir. 2018) (cited at Response at 6) is not a stay case but was presumably cited by Petitioners because it analyzes the grant of a preliminary injunction, and the preliminary injunction standard resembles in some respects the *Nken* standard (but not the *Landis* standard).

3

determining that this action was related to *Wallrich* (ECF No. 45), and as these Petitioners acknowledged in agreeing that the actions were related (*Wallrich*, ECF No. 41), these two actions present similar claims and defenses. To paraphrase Justice Cardozo in *Landis*, "True, a decision in the case then pending in [the Seventh Circuit] may not settle every question of fact and law in suits [like this one], but in all likelihood it will settle many and simplify them all." 299 U.S. at 256. On the other hand, if this action continues to proceed before the Seventh Circuit resolves *Wallrich*, this Court's further proceedings may require revisiting and reevaluation in light of that decision. Accordingly, to promote judicial economy and avoid inefficiency, the Court should grant the relief requested by this Motion.

Dated: December 4, 2023

Mark Howard Boyle
DONOHUE BROWN MATHEWSON &
   SMYTH LLC
131 South Dearborn Street, Suite 1600
Chicago, Illinois 60603
Telephone: (312) 422-0900

James L. Kopecky
KOPECKY SCHUMACHER
   ROSENBURG LLC
120 North LaSalle Street, Suite 2000
Chicago, Illinois 60601
Telephone: (312) 380-6552

Respectfully submitted,

*/s/* Randall. W. Edwards
Randall W. Edwards
Matthew D. Powers (*pro hac vice*)
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
Telephone: (415) 984-8700

Michael W. McTigue Jr.
Meredith C. Slawe
Kurt Wm. Hemr
Colm P. McInerney (*pro hac vice*)
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001-8602
Telephone: (212) 735-3000

*Attorneys for Respondents*
*Samsung Electronics America, Inc. and*
*Samsung Electronics Co., Ltd.*

4