**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MELANIE HOEG, ANGELA DAVIS,**    :    Civil Action No: 1:23-cv-1951
**MELINDA GARCIA, and 1,025 other**    :
**individuals**,    :    Hon. Manish S. Shah
                :
            *Petitioners*,    :
                :
    - against -    :
                :
**SAMSUNG ELECTRONICS AMERICA,**    :
**INC. and SAMSUNG ELECTRONICS CO.,**    :
**LTD.** (d/b/a Samsung Electronics America,    :
Inc.),    :
                :
            *Respondents*.    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## RESPONDENTS' STATUS REPORT AND STATEMENT OF POSITION

Pursuant to the Court's Minute Entry dated August 1, 2024 (ECF 85), Respondents Samsung Electronics America, Inc. ("SEA") and Samsung Electronics Co., Ltd. ("SEC") (collectively, "Samsung") submit this Status Report and Statement Of Position following the U.S. Court of Appeals for the Seventh Circuit's Final Judgment and Opinion dated July 31, 2024 (ECF 86-87).[1]  For the reasons set forth below, judgment should now be entered against Petitioners, dismissing their Petition to compel arbitration with prejudice and terminating the case, with costs on appeal as assessed by the Seventh Circuit and with costs in this Court as recoverable under Federal Rule of Civil Procedure 54(d)(1).

---

[1]    Available online at *Hoeg v. Samsung Electronics America., Inc.*, No. 24-1274, 2024 WL 3593896 (7th Cir. July 31, 2024).

Briefly, the proceedings in this action have been as follows:

- On **March 28, 2023**, the then-1,028 Petitioners filed a Petition to compel arbitration, requesting that the Court order Samsung to arbitrate with them and to pay associated arbitration fees. (ECF 1.)

- On **May 4, 2023**, Petitioners filed a motion to compel arbitration, requesting that the Court order Samsung to arbitrate with them and to pay associated arbitration fees. (ECF 25.) On May 10, 2023, Petitioners filed a corrected motion to compel seeking the same relief. (ECF 28.)

- On **June 14, 2023**, Samsung moved to dismiss the Petition and opposed the Petitioners' motion to compel arbitration. (ECF 38-39.)

- On **July 28, 2023**, Petitioners' Counsel stated that the Petition was withdrawn with respect to 221 of the 1,028 Petitioners. (ECF 43 ¶ 4; ECF 43-3.) Thereafter, Petitioners' Counsel advised the Court that one additional Petitioner had withdrawn from the action. (ECF 54 at 2.)

- On **February 15, 2024**, the Court (Hon. Harry D. Leinenweber, J.) issued a memorandum opinion and order granting in part Samsung's motion to dismiss by dismissing SEC from the action, and granting the remaining 806 Petitioners' motion to compel arbitration as to SEA and ordering SEA to arbitrate and pay associated arbitration fees. (ECF 56.) On February 20, 2024, the Court issued an amended memorandum opinion and order ordering the same relief. (ECF 57.) SEA appealed. (ECF 58.)

- On **July 31, 2024**, the Seventh Circuit reversed this Court's ruling and held that "the district court's order compelling arbitration was improper." (ECF 86 at 3;

2

*see also* ECF 87.)  The court held that the appeal "present[ed] one of two possible scenarios," but that "both mandate the same result: reversal of the district court's order compelling arbitration."  (ECF 86 at 2-3.)  If  "Samsung refused to pay its share of administrative [arbitration] fees" and "the AAA terminated the arbitration in its discretion," then the Seventh Circuit's decision in *Wallrich v. Samsung Electronics America, Inc.*, 106 F.4th 609 (7th Cir. 2024), "controls, arbitration has been completed in line with the parties' agreement, and the consumers can only file their substantive claims in an appropriate court."  (*Id.*)  Alternatively, "because the AAA indicated that it would allow the consumers to refile their claims if mediation failed, one could argue that arbitration has not yet been completed, which would slightly distinguish the posture of this case from that of *Wallrich*," in which case "the district court's order compelling arbitration was premature and cannot stand" because the Petitioners had failed to show that Samsung had refused to arbitrate.  (*Id.*)  The Seventh Circuit reasoned that it "need not decide which scenario applies here, however, because both mandate the same result: reversal of the district court's order compelling arbitration."  (ECF 86 at 3.)  Thus, "the district court cannot compel Samsung to arbitrate and pay the AAA's administrative fees," and there is nothing further that Petitioners can do before this Court.  (*Id.*)

- On **August 22, 2024**, the Seventh Circuit issued its mandate including appellate costs that Petitioners are ordered to pay to Samsung.  (ECF 88.)

In light of the Seventh Circuit's holding that (i) Petitioners may have failed to show that Samsung refused to arbitrate but (ii) in any event this Court does not have the authority to order

Samsung to pay arbitration fees, judgment should now be entered against Petitioners, dismissing

their Petition with prejudice and terminating the case, with costs on appeal as assessed by the

Seventh Circuit and with costs in this Court as recoverable under Federal Rule of Civil

Procedure 54(d)(1).

Dated: August 29, 2024                          Respectfully submitted,

                                                /s/ Randall W. Edwards
                                                Randall W. Edwards
                                                Matthew D. Powers (*pro hac vice*)
                                                O'MELVENY & MYERS LLP
                                                Two Embarcadero Center, 28th Floor
                                                San Francisco, California 94111-3823
                                                Telephone: (415) 984-8700

                                                Michael W. McTigue Jr.
                                                Meredith C. Slawe
                                                Kurt Wm. Hemr
                                                Colm P. McInerney (*pro hac vice*)
                                                SKADDEN, ARPS, SLATE,
                                                    MEAGHER & FLOM LLP
                                                One Manhattan West
                                                New York, New York 10001-8602
                                                Telephone: (212) 735-3000

                                                Shay Dvoretzky
                                                Parker Andrew Rider-Longmaid
                                                (both admitted *pro hac vice*)
                                                SKADDEN, ARPS, SLATE,
                                                    MEAGHER & FLOM LLP
                                                1440 New York Avenue, NW
                                                Washington, DC 20005
                                                Telephone: (202) 371-7370

                                                Mark Howard Boyle
                                                DONOHUE BROWN MATHEWSON &
                                                    SMYTH LLC
                                                131 South Dearborn Street, Suite 1600
                                                Chicago, Illinois 60603
                                                Telephone: (312) 422-0900

                                                James L. Kopecky
                                                KOPECKY SCHUMACHER

4

ROSENBURG LLC
120 North LaSalle Street, Suite 2000
Chicago, Illinois 60601
Telephone: (312) 380-6552

*Attorneys for Respondents*
*Samsung Electronics America, Inc. and*
*Samsung Electronics Co., Ltd.*